THE STATE OF KANSAS v. ROBERT SIMONS.

No. 11,543.   ( 60 Pac. 1052.)

1. JURY AND JURORS—*Trial by Eleven.* The assent of a defendant upon trial on a charge of felony to the discharge of one of the jurors, with an agreement to submit to a verdict by the remaining number, is ineffectual to bind him, and in such case, in the event of an adverse verdict, he is entitled to a retrial, notwithstanding his agreement.

2. ——— *Special Venire—Case Distinguished.* When there are not enough jurors of the regular panel present in court to constitute a jury, and either party to a case called for trial requests that the necessary additional number be drawn in the manner prescribed by chapter 121, Laws of 1899 (Gen. Stat. 1899, § 3700), it becomes the duty of the judge to cause the drawing to be made, and not to fill the panel with talesmen from among the bystanders. The case of *Trembly v. The State*, 20 Kan. 116, distinguished.

Appeal from Labette district court; A. H. SKID-MORE, judge.   Opinion filed May 5, 1900.   Reversed.

*Francis M. Brady*, for The State.

*H. G. Webb, A. D. Neale, T. J. Hudson*, and *I. E. Lambert*, for appellant.

The opinion of the court was delivered by

DOSTER, C. J. : This is an appeal from a judgment of conviction of the offense of obtaining money under false pretenses.   After the evidence and during the argument of the case one of the jurors became ill, and, in consequence, had to be excused from further service.   The defendant asked that the case proceed to verdict, notwithstanding the discharge of the juror, and he and his counsel and the county attorney agreed that such might be done, but that the record should be so made up as to show a trial by a full jury panel. The court assented to this agreement, and the trial

proceeded, resulting in a verdict of guilty by the eleven jurors and a judgment thereon by the court. After these proceedings, counsel for the defendant retired from the case, and new counsel were engaged by him to prosecute an appeal.  Upon proof to us of the above occurrences, together with a certificate of the judge trying the case, verifying the matters as stated, we ordered that the record of the lower court be made up to show the actual facts.  This additional record is now before us in the form of a supplemental bill of exceptions, and the question presented to us is whether the defendant was bound by his waiver of a trial to a full panel of twelve jurors.

Fortunately for us the law on the subject has been so repeatedly declared and has become so well settled that, on the score of precedent at least, we have no difficulty in reaching a conclusion, nor, viewing it as an original proposition, aided only by the light of reason, would we have difficulty in determining it. The waiver was not binding on the defendant.  There can be no doubt but that the common law requires a jury of twelve for the trial of issues of fact in common-law cases in courts of record.  Among the many decisions both in England and this country declarative of this is the recent case of *Thompson v. Utah*, 170 U. S. 343, 18 Sup. Ct. 620, 42 L. Ed. 1061.  In that opinion the origin of the rule of the numerical composition of a jury was traced to Magna Charta.  A writer in 32 American Law Review, page 633, takes issue with the court as to the historical accuracy of its research into the origin of the rule, contending that the phrase in the charter "*judicium parium*," or "judgment of his peers," did not point to a trial by jury at all, and, of course, therefore, not to a jury of twelve.  The contention of the writer as to this seems

48—61 KAN.

to be supported by much reason, but, be the truth as it may, both jurists and historians unite in declaring twelve to be the original and continued constituent number of a common-law jury. (5 Bac. Abr. 308–314 ; 2 Hale, P. C. 161–296 ; 2 Bla. Com. 349 ; 2 Reeve, Eng. L. 270.) A very large number of the courts of this country have adopted the same view, and indeed we think there is none to the contrary. Whether, therefore, the right of trial by jury was secured by Magna Charta, and whether before the time of King John's assent to that instrument the composition of a jury had been fixed at the number twelve, is immaterial. Since that time, which was in the year 1215, and certainly long before the common law was brought into the colonies of this country in 1607, the jury triers of issues of fact had become definitely fixed at the number twelve.

The constitution of this state declares that "the right of trial by jury shall be inviolate." (Bill of Rights, § 5). Elsewhere it declares that, "in all prosecutions, the accused shall be allowed . . . a speedy public trial by an impartial jury. . . ." (Id. § 10). Declarations of right such as these are easy of interpretation. They mean, of course, the rights existent and secured by law at the time of the promulgation of the ordinance. When, therefore, it was declared that "the right of trial by jury shall be inviolate," a trial by a jury of twelve was meant, because that, and no other, was and always had been the constituent number. Among the many cases decisive of this rule of interpretation, one of the most pointed and satisfactory is *Carpenter v. The State*, 4 How. (Miss.) 163, 34 Am. Dec. 116.

Nor is the trial by jury thus guaranteed a mere right of the accused, a something in the nature of

privilege which he may demand, and which, if demanded, must be accorded.  It is, in the full sense, an obligation resting on the state, not because of a demand for it by the accused, but because from motives of public policy it is to the interest of the state to accord it.  There are many rights secured even by constitutional guaranty which an interested party may waive, but in all such cases the right is a thing personal to the individual.  In such cases the right waived is in the nature of a personal favor, and not in the nature of an institution of public or legal policy. Trial by jury in cases of felony is in the highest sense an institution of public policy.  It was not ordained solely, nor even in its largest purpose, for the advantage of the accused.  The state is interested in the lives and liberties of its citizens.  To protect and defend from unjust accusations is as much, if not more, the care of the state as to punish the guilty for infractions of its laws.  In order that its humane and gracious, as well as its punitory, policy may be effectuated, it has ordained the institution of a trial by jury, not merely as a matter of favor to an accused, but that through the guaranty of right to him its considerate care for the lives and liberties of its citizens may be exercised.  A statutory or even constitutional provision by which rights in the nature of mere privileges are guaranteed may be waived, but not so constitutional provisions prompted by high motives of public policy, and which are, therefore, of concern to the social whole.  These are inviolate against an improvident renunciation by the individual concerned, as well as against an assault by the state itself.

A trial by jury is the only method provided by the state for the ascertainment of guilt.  The state has vested no other tribunal with jurisdiction over the

subject-matter of guilt, and the state, therefore, is powerless to receive or act upon the judgment or decision of any other tribunal. The substantial constitution of that tribunal and the fundamental mode of its proceedings are not, therefore, within the power of the parties before it. To allow one accused of felony a trial by eleven jurors is to grant him the right to waive a trial by any number less than twelve, or to waive a trial by jury altogether, and to submit his case to the judge as the sole trier of fact. The continued existence of the institution of trial by jury in such class of cases cannot be thus placed within the power of individuals.

Independently of the considerations of social policy involved, and of the constitutional ordinance declarative of that policy, the waiver of a jury trial in felony cases is prohibited by statute. The criminal code, section 199 (Gen. Stat. 1897, ch. 102, § 199 ; Gen. Stat. 1899, § 5447), declares: "The defendant and prosecuting attorney, with the assent of the court, may submit the trial to the court *except in cases of felonies*. All other trials *must be by jury*, to be selected, summoned and returned as prescribed by law." Elsewhere in the statute the panel of petit jurors is stated to be twelve. These statutes are not cited as of themselves determinative of the question, but only as expressive of the fundamental principle underlying them and the constitutional provisions before quoted.

Thus far we have not cited cases in support of our conclusion, but have endeavored briefly to state the views of the many courts of this country on the question. Among the latest decisions are those made in *Thompson v. Utah*, supra, and *Territory v. Ah Wah and Ah Yen*, 4 Mont. 149, 1 Pac. 732. One of the earliest and best reasoned cases is *Cancemi v. The People*, 18 N.

Y. 128. The whole subject, in its main and subsidiary propositions, is elaborately presented in the annotations to *State v. Bates*, 14 Utah, 293, 47 Pac. 78, 43 L. R. A. 33. In these annotations the entire list of decisions are digested and classified. It is believed that all, with the exception, perhaps, of those of Iowa, are to the effect that the consent of one indicted for felony to a trial by less than a jury of twelve is ineffectual to bind him to the verdict rendered.

When the case was called for trial there were not enough jurors of the regular panel in attendance to form a jury. The defendant requested the court to cause a sufficient additional number to be drawn and summoned in the way prescribed by statute in order to make a full panel of regular jurors for the trial of the case. This request the court refused to grant, but instead ordered the jury to be filled with talesmen from among the bystanders. This was error. It was in contravention of the provisions of chapter 121, Laws of 1899 (Gen. Stat. 1899, § 3700). The case is unlike that of *Trembly v. The State*, 20 Kan. 116. The statute at the time of the decision of that case required the judge, in the lack of sufficient regular jurors to form a panel, to issue a special venire for the necessary number, naming them himself. The statute was complied with, excepting that the judge, although naming the jurors, did not issue a formal venire commanding their attendance and service. This irregularity was not deemed to be a substantial error. In the case under consideration the requirements of the statute were not complied with even in an irregular way, but were disregarded.

Other claims of error are made. Inasmuch as a retrial must be ordered, we do not deem it necessary to examine into them. The judgment is reversed and a new trial ordered.