63   321
67   727

# JULY TERM, 1901.

### *PRESENT:*

Hon. FRANK DOSTER, CHIEF JUSTICE.
Hon. WILLIAM A. JOHNSTON,
Hon. WILLIAM R. SMITH,
Hon. EDWIN W. CUNNINGHAM,  } JUSTICES.
Hon. ADRIAN L. GREENE,
Hon. ABRAM H. ELLIS,
Hon. JOHN C. POLLOCK,

*In re* STEPHEN G. ELLIOTT, *Petitioner.*
No. 11,995.   (65 Pac. 664.)

SYLLABUS BY THE COURT.

CRIMINAL PRACTICE—*Bill of Exceptions—Evidence in Habeas Corpus.* A supplemental bill of exceptions in a criminal case, settled and allowed after the term at which a judgment of conviction of the defendant was rendered, which bill of exceptions recites that the conviction was had on the verdict of eleven jurors only, constitutes a part of the record of the case, although the court refused to correct the journal entry of conviction so as to show the actual fact. Such bill of exceptions, being part of the record of the case, is admissible evidence upon an application for *habeas corpus* to release a prisoner from confinement in the state penitentiary.

Original proceeding in *habeas corpus.*   Opinion filed July 6, 1901.   Division one.   Change of custody ordered.

*F. P. Harkness,* for petitioner.

*A. A. Godard,* attorney-general, and *J. S. West,* for respondent.

The opinion of the court was delivered by

DOSTER, C. J. : Stephen G. Elliott was convicted of a felony at the September term of the district court of Wilson county for 1899. Upon appeal to this court the judgment of conviction was affirmed. (*The State v. Elliott*, 61 Kan. 518, 59 Pac. 1047.) The conviction was had on the verdict of eleven jurors only. The defendant consented to a verdict by such number, but that consent is not binding on him. (*The State v. Simons*, 61 Kan. 752, 60 Pac. 1052.) The record of the petitioner's conviction, as made at the September term of the court for 1899, did not show a trial and verdict by less than the required number of jurymen. At the February term of the court for 1901, a supplemental bill of exceptions in the original case of *The State v. Elliott* was settled and allowed. In that bill of exceptions the fact of the defendant's conviction on the verdict of eleven jurors was recited, but the court refused to correct the original journal entry of conviction to conform to the fact, upon the ground that such correction "would not be in furtherance of justice." The motion of the defendant to make the correction, although admitted in the bill of exceptions to be in conformity to the actual fact, was nevertheless over-ruled. A transcript of the bill of exceptions is before us as evidence in this case. It is a part of the record of the case, notwithstanding it was not made a part of the original bill of exceptions brought here upon appeal. (3 Encyc. Pl. & Pr. 487, 488.) We, therefore, have a record showing the unauthorized conviction of the defendant.

The mere refusal of the court below to correct the entry of verdict and judgment to conform to the fact is immaterial. Notwithstanding such refusal, it made

a record of the fact, although refusing to record such fact in the journal entry of judgment. Hence the petitioner's contention, that he was tried and convicted by a jury of eleven men only, is sustained by the record—the bill of exceptions. There is no occasion, therefore, to consider the question principally, almost entirely, discussed by counsel, which was, Can evidence *aliunde* the record be admitted to prove a verdict by eleven jurors only?

The petitioner is entitled to be released from the custody of the warden of the state penitentiary. He will be, therefore, delivered to the sheriff of Wilson county, Kansas, to be returned to that county for such proceedings against him in the district court as may be proper.

JOHNSTON, GREENE, POLLOCK, JJ., concurring.