THE STATE OF KANSAS v. WILLIAM D. WELLS.

No. 13,951.    (77 Pac. 547.)

SYLLABUS BY THE COURT.

1. CRIMINAL PROCEDURE—*Insufficient Plea of Former Conviction.* It is not error to sustain a demurrer to a plea of a former conviction where the plea does not contain a complete record of the former proceeding.

2. —— *Right to Jury of Twelve May be Waived in Misdemeanors.* In the prosecution for a misdemeanor the defendant, with the consent of the prosecuting attorney and the court, may waive a trial by a full jury and consent to be tried by a jury composed of eleven persons, under section 5639 of the General Statutes of 1901, which provides: "The defendant and prosecuting attorney, with the assent of the court, may submit the trial to the court, except in cases of felonies."

Appeal from Saline district court; R. R. REES, judge. Opinion filed July 7, 1904. Affirmed.

*C. C. Coleman,* attorney-general, and *C. W Burch,* county attorney, for The State ; *Z. C. Millikin,* of counsel.

*David Ritchie,* and *C. M. Holmquist,* for appellant.

The opinion of the court was delivered by

GREENE, J. : The defendant was informed against for selling intoxicating liquors. He filed a plea of a former conviction in bar, to which the court sustained

a general demurrer.  The trial then proceeded, and the defendant, with the consent of the county attorney and the court, waived a trial by a full jury and tried the cause to a jury of eleven persons, who returned a verdict of guilty.  Thereupon the defendant filed his motion for a new trial, alleging that he could not be legally tried by a jury of less than twelve persons; that under the provisions of our constitution it was beyond his power to waive such a jury; and, therefore, that the verdict was void and should be set aside. This motion was overruled and sentence pronounced, from which defendant appeals.

The first contention is that the court erred in sustaining a demurrer to his plea in bar.  A plea in bar of a former conviction or acquittal should contain the complaint, indictment or information upon which it is alleged that such acquittal or conviction was had, and also a complete transcript, or so much of the proceedings as is necessary to show the final disposition of the cause; otherwise, a court is unable to determine the question presented by the plea; it can only be determined from the record.  (1 Bish. New Crim. Proc. § 815; *Crocker v. The State of Georgia*, 47 Ga. 568; *Bailey v. The State*, 26 id. 579; *Smith v. State*, 52 Ala. 407.)   The record in this court contains none of the proceedings had upon the former trial.  We are, therefore, unable to determine the question presented on this ground of error.

The second contention is that, notwithstanding the defendant's agreement to waive a jury of twelve and his consent to be tried by a jury of eleven, the verdict is void.   The provisions of our constitution upon which the defendant relies are section 5 of the bill of rights, which provides that "the right of trial by jury shall be inviolate," and section 10, which provides that

"'in all prosecutions the accused shall be allowed . . . a speedy public trial by an impartial jury.''

Authorities are numerous holding that the jury referred to means a common-law jury of twelve persons. It is not necessary to determine what the rule would be in this case in a prosecution for a misdemeanor, in the absence of any statutory regulation. Speaking generally, however, a defendant in a prosecution for a misdemeanor was not always, as a matter of right, entitled to a jury trial at common law. We are relieved from an investigation of the right of the defendant to a jury trial at common law by the provisions of section 5639 of the General Statutes of 1901, which reads: "The defendant and prosecuting attorney, with the assent of the court, may submit the trial to the court, except in cases of felonies." If in such case the defendant may waive a trial by jury and submit the trial and decision of his cause to the court, there is no constitutional or statutory provision prohibiting him from consenting to a trial by less than a full jury.

Similar statutory provisions are found in Indiana, Arkansas, Illinois, and Missouri. Their courts have universally held that in cases of misdmeanor the defendant, with the consent of the prosecuting attorney and the court, may waive a trial by a jury and submit the cause to the court. (*Murphy v. The State*, 97 Ind. 579; *State v. Ebert*, 40 Mo. 186; *State v. Mansfield*, 41 id. 470; *State of Missouri v. Larger*, 45 id. 510; *Darst et al. v. The People*, 51 Ill. 286, 2 Am. Rep. 301; *Warwick v. State*, 47 Ark. 568, 2 S. W. 335.)

The judgment of the court below is affirmed.

BURCH, J. (concurring specially) : I concur in the decision, but the foregoing opinion does not meet the

appellant's.contention.   He claims that the jury trial
preserved inviolate by the constitution is a trial by a
common-law jury of twelve ; that the constitution
itself makes no distinction between the trial of felonies
and the trial of misdemeanors, and that the language
of section 10 of the bill of rights, expressly providing
that in *all prosecutions* the accused shall be allowed a
speedy trial by an impartial jury, indicates that any
such distinction is unwarranted.   If this be true, the
legislature may not override the fundamental law and
authorize a trial by a jury of any other number in
any case.

The authorities cited in the majority opinion are
inconclusive.   The case of *State v. Ebert*, 40 Mo. 186,
did not relate to trials by jury but to the right to
prosecute by information instead of indictment.   The
case of *State of Missouri v. Larger*, 45 Mo. 510, dis-
cussed nothing but the question of whether the waiver
of a trial by jury must be express or whether a mere
failure to object to a trial by the court will conclude
the defendant.

The case of *State v. Mansfield*, 41 Mo. 470, was a fel-
ony, and not a misdemeanor case.   The statements in
the opinion relating to the waiver of a jury of twelve
in misdemeanor cases were *dicta*, and the syllabus
limited the right of waiver to cases in which the penalty
is a fine only.   In the case of *Darst et al. v. The People*,
51 Ill. 286, 288, 2 Am. Rep. 301, the discusion of the
question was completely contained in the following
statement : "It is urged that the jury could not be
waived, but we know no reason why it may not be in
trials for misdemeanors."   In *Murphy v. The State*, 97
Ind. 579, 585, the court did nothing more than proclaim :
"It will not do to say, we think, that this right to a
trial by jury is a right which the defendant may not

waive, if he choose to do so, and if the law provide for such waiver;'' and then, to clinch· this argument, it was remarked that if a defendant could not waive a trial by a jury of twelve he could not take a change of venue in face of the constitutional provision giving him the right to a trial in the county in which the offense was committed. In *Warwick v. State*, 47 Ark. 568, 2 S. W. 335, the statute authorizing a waiver was consonant with an express provision of the constitution of the state of Arkansas authorizing the waiver of a jury in all cases. Manifestly there is here vouchsafed no reason whatever for making a distinction between the trial of felonies and the trial of misdemeanors, whether by statute or otherwise, and this court decided in *The State v. Simons*, 61 Kan. 752, 60 Pac. 1052, that a trial by a jury of twelve cannot be waived in a felony case.

The right to a trial by jury in all prosecutions is interpreted by the courts to mean the right as it existed in all common-law prosecutions. At common law many misdemeanors, including the offense of liquor-selling, were triable without a jury, and this fact may afford a sufficient basis for the distinction made in methods of trial by the statutes of this state.

In my opinion, however, a better position may be assumed. The provisions of the constitution safeguarding the right of trial by jury are measures of protection and not of coercion, so far as individuals charged with crime are concerned. If their interests were the sole consideration they might waive the right, although they could not be compelled to do so. In felony cases, however, the consequences of a conviction are of so great importance to society that the state has an especial interest in the procedure by which it may be accomplished. A convicted felon

loses all his civil rights; he is civilly dead, and in certain cases may be condemned to death. Therefore, as was declared in *The State v. Simons*, supra, the state insists upon a trial by a jury of twelve, not be- cause of a demand for it by the accused, but because, from motives of public policy, it is to the interest of the state to accord it. In misdemeanor cases the re- action of the state is much less violent and the conse- quences of a conviction are much less serious. The interest of society is relaxed, and the will of the ac- cused may be allowed to prevail. When high mo- tives of public interest no longer require that a waiver be absolutely inhibited, the legislature may define the policy of the state respecting the manner of trials. It has done this by authorizing a trial by a jury of six, if the defendant consent, in misdemeanor cases prose- cuted before a justice of the peace, and by providing for a waiver of a jury altogether in all cases except felonies, if the accused, the prosecuting attorney and the court consent. Being allowed to waive a jury en- tirely, the defendant may waive the cooperation of one or more members of that body, and submit his cause to the others.