No. 28,228.

The State of Kansas, ex rel. William A. Smith, Attorney-general, *Plaintiff,* v. Rural High-school District No. 4, Ford County, et al., *Defendants.*

(267 Pac. 2.)

Opinion filed May 5, 1928.

*William A. Smith,* attorney-general, and *W. C. Ralston,* assistant attorney-general, for the plaintiff.

*Carl Van Riper,* of Dodge City, *R. F. Crick* and *M. C. Bucklin,* both of Pratt, for the defendants.

The opinion of the court was delivered by

JOHNSTON, C. J.: The state, on the relation of the attorney-general, brought this proceeding to test the validity of the organization of rural high-school district No. 4 in Ford county. It is conceded that the proper preliminary steps were taken to organize the district. There was a majority of the electors in the district voting in favor of the proposition. The officers of the district were elected on November 5, 1927, and since that time the organization has been functioning as a rural high-school district and the officers chosen at the election have since been performing the duties of a school board, but the validity of the organization is challenged because of noncompliance with chapter 241 of the Laws of 1925.

Its validity is assailed upon the ground that there was not the necessary valuation of property within the district to warrant the organization of a high-school district. It is conceded that the aggregate value of property in the district was less than two million dollars. In 1925, two years before the attempted organization, the legislature enacted the following statute:

"AN ACT declaring the basis for the formation of a high-school district in this state shall be the valuation of the property within the district, and repealing all acts and parts of acts in conflict herewith.

*"Be it enacted by the Legislature of the State of Kansas:*

"SECTION 1. That in the formation of all high-school districts within the state of Kansas, the basis for organizing and operating the same shall be the value of the property as determined by the tax assessment within the boundaries of districts so formed, and no consideration shall be given to or used in estimating the expense of so organizing and operating such high-school district other than the actual assessment and taxation value of all the property therein determined and fixed by the proper assessor.

"SEC. 2. That no high-school district shall be organized within the state of Kansas the aggregate value of property of which, as determined by the returns of the tax assessor, shall be less than two millions ($2,000,000.)" (Laws 1925, ch. 241.)

To meet the challenge of invalidity the defendants contend that the statute quoted is unconstitutional and therefore not controlling because it is an amendment of the Laws of 1921, chapter 241, which reads:

"SECTION 1. That section 1 of chapter 284 of the Session Laws of 1917 is hereby amended to read as follows: Section 1. The legal electors residing in territory containing not less than sixteen square miles shall have authority to form a rural high-school district, whose boundaries shall have been approved by the county superintendent of public instruction and by the board of county commissioners of each county in which any part of such proposed district shall be situated, or by the state superintendent of public instruction in case the county superintendent and boards of county commissioners of two or more counties shall fail to agree on the approval of the boundaries of the proposed district, and to establish, locate and maintain therein a rural high school as hereinafter provided." (Laws 1921, ch. 241, § 1.)

Defendants' contention is that the act of 1925 is amendatory of the act of 1921, and that as it did not contain the act or the sections amended it violates section 16 of article 2 of the constitution of the state and is void.

In 1915 an elaborate act was passed for establishing rural high-school districts, and providing that electors residing in a territory containing not less than sixteen square miles, comprising one or more townships or parts thereof, might organize a rural high-school district and maintain therein a rural high school. It contained provisions as to an election for establishing the district, also an election for the choosing of officers, the levy of taxes to maintain schools, the selection and procuring of sites, the supervision of the schools, the course of study and the tuition fees to be paid by nonresident pupils, but nothing was said as to the valuation of property within the district. (Laws 1915, ch. 311.) In 1917 the act of 1915 was amended in a number of particulars, including the authority to issue bonds to pay for a site and the erection of school buildings, but no provision was made as to the valuation of property necessary to the organization of a district or the maintenance of a rural high school. (Laws 1917, ch. 284.) In 1921 the act was amended in terms already stated, and evidently was for the purpose of providing for a situation where the proposed district is situated in two or more counties, and directing that in case the county superintendent and county commissioners of the several counties fail to agree as to the approval of boundaries, the question was to be settled by the state superintendent. It is said that the act of 1925 changes the basic requirement for organization from area to assessed valuation. Area was mentioned in all the preceding acts relating to rural high-school districts, but no provision was made as to the taxable property upon which levies might be made to maintain rural high schools.

Ten years' experience probably revealed that efficient high schools could not be maintained upon the revenue provided by standard levies on the property within some of the districts. To make provision for adequate maintenance, the legislature passed the act of 1925. It will be observed that the act applies not only to rural high-school districts, but is made applicable to all high-school districts of every kind organized within the state. In its enlarged scope it would seem to be supplemental legislation as to rural high-school districts, and to be an independent act as to other high-school districts. The act itself makes no reference to other statutes and does not purport to amend any existing laws. It, like many other separate acts, restricts to some extent the operation of existing statutes, but such modifications do not require the statutes thus modified to be included in the modifying act. The constitutional provision invoked does not apply in such cases because they are not within the mischief designed to be remedied by it. At the most the act of 1925 only amends former statutes by implication, and it has been held that the constitutional provision invoked has no application to amendments by implication. *Parker-Washington Co. v. Kansas City*, 73 Kan. 722, 85 Pac. 781, dealt with the subject of providing for the issuance of special tax bills against property chargeable with the costs of improvements in cities of a certain class. In earlier acts provision had been made to pay for improvements with bonds, and the language of those earlier acts followed closely parts of the new act. It was held to be well settled that the constitutional provision has no application to amendments by implication, and proceeded to say:

"The act of 1905 in a sense amends various sections of the earlier act, but it does so by implication; it does not cover their entire subject matter, and hence does not supersede them, but merely restricts the field of their operation; it is a complete and in a sense an independent enactment, which requires no reference to any other statute to make its meaning clear." (p. 724.)

We said in an earlier case that amendments by implication are not within the purview of the constitutional provisions in question and then quoted the purpose of the limitation as follows:

" 'The mischief designed to be remedied by the constitutional provision cited was the enactment of amendatory statutes in terms so blind that the legislators themselves were sometimes deceived in regard to their effect; and the public, from the difficulty in making the necessary examination and comparison, failed to become apprised of the changes made in the laws.' (*The People v.*

*Mahaney,* 13 Mich. 496.)" (*State, ex rel., v. Cross,* 38 Kan. 696, 700, 17 Pac. 190.)

Adding that the section under consideration, "clearly expresses its purpose, and it cannot be said to have been enacted blindly, nor so inserted in the statute as to deceive the legislators, or the public." See, also, *State v. Coletti,* 102 Kan. 523, 170 Pac. 995; 36 Cyc. 1061, 1062. It might be said of this statute, as in the Cross case, that it is not blind nor deceptive either to legislators or the public. It does not purport nor operate to repeal the provisions of the earlier acts, and we conclude that it does not contravene section 16 of article 2 of the state constitution. It follows that the act is controlling, and as the aggregate value of property within the proposed district is less than that prescribed by the legislature it must be held that the district is not a valid organization.

The judgment will go in accordance with the prayer of plaintiff's petition.