No: 35,478

THE STATE OF KANSAS, *Appellee*, v. BILLIE SCOTT, *Appellant*.

(131 P. 2d 664)

Opinion filed December 12, 1942.

*Elisha Scott,* of Topeka, was on the briefs for the appellant.

No appearance was made for the appellee.

The opinion of the court was delivered by

THIELE, J.: Defendant was charged with the crime of grand larceny. She was convicted of petty larceny, and appeals.

Appellant first complains the verdict of the jury was contrary to and not sustained by the evidence. No purpose is to be served in repeating the evidence of the state and of the defendant. It was in conflict and the jury elected to believe the state's witnesses. Their evidence discloses the defendant committed the crime with which she was charged.

Other specifications of error are that incompetent evidence was admitted, that the instructions were erroneous (they are not included in the abstract), that the jury was influenced by passion and prejudice, and that defendant had newly discovered evidence (there is no showing of any in the abstract). They are not argued in the brief and are considered as abandoned by appellant.

The remaining specification of error is that the cause was finally submitted to a jury of eleven persons. Although the journal entry of conviction, as abstracted, shows the submission was to a jury of twelve, it is stated elsewhere that the trial started on November 12, 1941, by a jury of twelve persons and continued to the close of that day, but that on the succeeding day one juror was ill, and defendant, by her counsel, informed the court it was agreeable to her to

proceed with eleven jurors, and that the court stated that could be done in a misdemeanor case but not a felony case, and that if the verdict should be for a misdemeanor it could stand, but if it was for a felony the court would set it aside. Thereafter the trial proceeded with the jury of eleven, who ultimately returned a verdict of guilty of petty larceny.

We here note that the statement attributed to the trial court finds some support in *State v. Baxter*, 41 Kan. 516, 21 Pac. 650, in which it was held:

"Where a felony is charged and the conviction is for a misdemeanor included within the charge, the court on an appeal can only consider whether there was error in the proceedings regarded as a prosecution for a misdemeanor." (Syl. ¶ 3.)

In view of the fact the question in that case arose under a statutory and not a constitutional provision, and also in view of what is later said, we shall not pursue further the rule of that case.

In support of the last specification of error, appellant cites and relies wholly upon *State v. Simons*, 61 Kan. 752, 60 Pac. 1052, decided in 1900, where this court held:

"The assent of a defendant upon trial on a charge of felony to the discharge of one of the jurors, with an agreement to submit to a verdict by the remaining number, is ineffectual to bind him, and in such case, in the event of an adverse verdict, he is entitled to a retrial, notwithstanding his agreement." (Syl. ¶ 1.)

In that case, as here, one juror became ill and defendant consented to a jury of eleven. The verdict was for a felony. In the opinion attention is directed to the then recent case of *Thompson v. Utah*, 170 U. S. 343, 18 S. Ct. 620, 42 L. Ed. 1061, the substance of which, for present purposes, was that twelve are the original and continued constituent number of a common-law jury. After directing attention to two provisions of our constitution that "the right of trial by jury shall be inviolate" (Bill of Rights, § 5) and that "in all prosecutions, the accused shall be allowed . . . a speedy public trial by an impartial jury . . ." (Bill of Rights, § 10), the court said:

". . . a trial by a jury of twelve was meant, because that, and no other, was and always had been the constituent number." (l. c. 754.)

The opinion then states:

"Nor is the trial by jury thus guaranteed a mere right of the accused, a something in the nature of privilege which he may demand, and which, if demanded, must be accorded. It is, in the full sense, an obligation resting on the state, not because of a demand for it by the accused, but because from

motives of public policy it is to the interest of the state to accord it. There are many rights secured even by constitutional guaranty which an interested party may waive, but in all such cases the right is a thing personal to the individual. In such cases the right waived is in the nature of a personal favor, and not in the nature of an institution of public or legal policy. Trial by jury in cases of felony is in the highest sense an institution of public policy. It was not ordained solely, nor even in its largest purpose, for the advantage of the accused. The state is interested in the lives and liberties of its citizens. To protect and defend from unjust accusations is as much, if not more, the care of the state as to punish the guilty for infractions of its laws. In order that its humane and gracious, as well as its punitory, policy may be effectuated, it has ordained the institution of a trial by jury, not merely as a matter of favor to an accused, but that through the guaranty of right to him its considerate care for the lives and liberties of its citizens may be exercised. A statutory or even constitutional provision by which rights in the nature of mere privileges are guaranteed may be waived, but not so constitutional provisions prompted by high motives of public policy, and which are, therefore, of concern to the social whole. These are inviolate against an improvident renunciation by the individual concerned, as well as against an assault by the state itself." (l. c. 754.)

In *State v. Wells*, 69 Kan. 792, 77 Pac. 547, decided in 1904, defendant, charged with a misdemeanor, consented to a trial by a jury of eleven persons, and appealed from a conviction. Directing attention to a statute which now appears as G. S. 1935, 62-1401, that the defendant and prosecuting attorney, with the assent of the court, may submit the trial to the court except in case of felonies, the court held that consent being given a full jury might be waived and the cause tried by a jury of eleven persons.

In *In re Brown*, 139 Kan. 614, 32 P. 2d 507, decided in 1934, it was held that where a sealed verdict in a felony case had been returned into court in the absence of the judge, upon reconvening of the court to receive the verdict and one of the jurors being absent, the defendant might waive the presence of the absent juror, and if he did so, the verdict should be received. In the last cited case, attention was directed to *State v. Simons*, supra, and also to the case of *Patton v. United States*, 281 U. S. 276, 74 L. Ed. 854, 50 S. C. 253, 70 A. L. R. 263.

In the latter case, decided in 1930, the defendants were being tried on a felony charge in a federal district court. During the course of the trial one juror became ill. It was stipulated in open court by the government and counsel for defendants and the defendants personally assenting thereto, that the trial should proceed with eleven jurors. Following a verdict of guilty, appeal was taken

to the circuit court of appeals, which, being in doubt and desiring the instruction of the supreme court, certified the question to the supreme court. An exhaustive opinion was prepared by Mr. Justice Sutherland, in which the history of the jury and decisions bearing on the question of waiver are reviewed. In that opinion attention is directed to article III, section 2, clause 3, and the sixth amendment of the constitution of the United States, which for our purposes are quite like sections 5 and 10 of the bill of rights of the Kansas constitution. Limits of space prevent setting forth a full review of that opinion. It is noted that on the question of consent the court held the statement in *Thompson v. Utah*, supra (and on which this court relied in part in *State v. Simons*, supra) that the defendant had consented to trial by a jury of less than twelve was an *obiter dictum*, for the reason the statute involved provided for a jury of eight, and there was no contention the defendant had consented, but only that he had not objected until after verdict. After directing attention to two cases decided in federal circuit courts of appeal, namely *Low v. United States*, 169 Fed. 86, and *Dickinson v. United States*, 159 Fed. 801, to the effect that a defendant could not waive trial by jury, and quoting at length from the dissenting opinion in the latter case, it was said:

"In the light of the foregoing it is reasonable to conclude that the framers of the constitution simply were intent upon preserving the right of trial by jury primarily for the protection of the accused. If not, and their intention went beyond this and included the purpose of establishing the jury for the trial of crimes as an integral and inseparable part of the court, instead of one of its instrumentalities, it is strange that nothing to that effect appears in contemporaneous literature or in any of the debates or innumerable discussions of the time. This is all the more remarkable when we recall the minute scrutiny to which every provision of the proposed constitution was subjected. The reasonable inference is that the concern of the framers of the constitution was to make clear that the right of trial by jury should remain inviolable, to which end no language was deemed too imperative." (l. c. 297.)

Thereafter cases in both federal and state courts dealing with the right to waive the jury or to consent to trial by a jury of less than twelve are reviewed, the opinion then reciting:

"It is difficult to see why the fact, frequently suggested, that the accused may plead guilty and thus dispense with a trial altogether, does not effectively disclose the fallacy of the public policy contention; for if the state may interpose the claim of public interest between the accused and his desire to waive a jury trial, *a fortiori* it should be able to interpose a like claim between him and his determination to avoid any form of trial by admitting his guilt. If he be free to decide the question for himself in the latter case, notwithstand-

ing the interest of society in the preservation of his life and liberty, why should he be denied the power to do so in the former?" (l. c. 305.)

The opinion continues with a discussion of the proposition that it is not denied a jury trial may be waived in case of petty offenses, and states:

"We are unable to find in the decisions any convincing ground for holding that a waiver is effective in misdemeanor cases but not effective in the case of felonies. In most of the decisions no real attempt is made to establish a distinction, beyond the assertion that public policy favors the power of waiver in the former but denies it in the latter because of the more serious consequences in the form of punishment which may ensue. But that suggested differentiation, in the light of what has now been said, seems to us more fanciful than real." (l. c. 309.)

The gist of the entire opinion is that a defendant on trial for crime in the federal district court may, even in serious cases, waive his constitutional right of trial by jury, either altogether or by consenting to a trial by a less number than twelve.

The supreme court of North Dakota had the same question before it in *Re Kortgaard,* 66 N. D. 555, 267 N. W. 438, 105 A. L. R. 1107, decided in 1936, where it was held the constitutional provision of North Dakota for trial by jury meant a common-law jury of twelve competent persons; no more and no less, but that the provision was a guaranty to the accused which he could affirmatively waive with the consent of the state's counsel and the sanction of the court. In that case *Patton v. United States,* supra, and other authorities are reviewed, dealing with whether right of trial by jury is part of the frame of government or a right which can be waived, and after asserting there was conflict in the authorities, stated it was impressed with the soundness of the decision in the Patton case, and concluded:

"If the constitutional provision, preserving the right of trial by jury, was intended as a part of the frame of government and not as a guarantee to the accused, the accused could only be sentenced upon the verdict of a jury, and every law authorizing a plea of guilty would be unconstitutional. It is not necessary that the right of trial by jury should be more than a guarantee to the accused, for so long as it is guaranteed it remains inviolate. No power can take it away from him. He is not required to demand it. He is entitled to it when he remains mute; but it may be to his advantage to waive it and plead guilty; it may be to his advantage to waive the constitutional number of jurors and continue with a less number. His doing so does not establish a dangerous precedent, as some decisions suggest, for his waiver affects only himself and it is not a precedent for any other case. It is not even a precedent for himself in case of another trial, for in every trial he is entitled to a constitutional jury unless he affirmatively waives it with the approval of the state's attorney and the sanction of the court." (l. c. 566.)

This court has again considered whether the right of trial by jury is so fundamentally a part of the frame of government under our state constitution that a defendant may not, in a felony case, waive such right and consent either to trial by a less number than constitutes a common-law jury, as was held in *State v. Simons*, supra, or is only a right guaranteed to him for his protection under our constitution, and of such nature that he may intelligently and affirmatively waive it.

We have reviewed not only our own decisions and those of the supreme court of the United States and of the state of North Dakota, above referred to, but others bearing on the question, but not mentioned. Without repeating the arguments embodied in what has been said, we have reached the conclusion that as applied to the case at bar, the sounder view is that a defendant in a criminal action for felony may intelligently and affirmatively, and with consent of the prosecuting attorney and of the trial court, waive his right to trial by a jury of twelve persons and consent to trial by a lesser number. In view of our conclusion *State v. Simons*, supra, insofar as it is in conflict with the conclusion here expressed, is overruled.

The judgment of the trial court is affirmed.