No. 37,998

WILLIAM KIMMINAU and CATHERINE KIMMINAU, *Appellees* and *Cross-appellants,* v. COMMON SCHOOL DISTRICT No. 1 (also known) as Consolidated School District No. 1), Kingman County, State of Kansas, *Appellant* and *Cross-appellee.*

(223 P. 2d 689)

Opinion filed November 10, 1950.

*Paul R. Wunsch,* of Kingman, argued the cause, and *Charles H. Stewart,* of Kingman, was with him on the briefs for the appellant.

*Charles C. Calkin,* of Kingman, argued the cause and was on the briefs for the appellees.

The opinion of the court was delivered by

WEDELL, J.: This was an action by parents against Common School District No. 1 (also known as Consolidated School District No. 1) in Kingman county, to recover the cost of transporting their children, elementary and primary pupils, to and from the defendant school. Judgment was for plaintiffs and defendant appeals.

The pleadings involved a petition, answer and reply. Plaintiffs had demurred to defendant's answer which, among other things, challenged the budget and cash-basis law as constituting a defense to their claim. The demurrer was originally overruled. Later defendant filed a motion for judgment on the pleadings which was likewise overruled. The court thereafter set aside its former ruling on the demurrer and sustained plaintiffs' demurrer to defendant's answer on the ground the budget or cash-basis law did not constitute a defense to plaintiffs' claim. Defendant has appealed from the order overruling its motion for judgment on the pleadings. Plaintiffs have cross-appealed from the order treating defendant's motion for judgment on the pleadings as a demurrer and contend the court should have rendered judgment in their favor on defendant's motion for judgment on the pleadings.

In view of the admissions of the parties on appeal we shall not labor technicalities but shall go directly to the single question which the parties concede to be fundamental. They, in substance, concede there are no material factual disputes involved and the real

question presented is whether the budget or cash-basis laws constitute a defense to plaintiffs' claim. This was also the basis of the trial court's decision.

The defendant school district did not furnish transportation facilities for school children. The claim here by the parents was in the sum of $112 for transporting pupils during a part of the 1948-1949 school year. These pupils did not reside two and one-half miles from the school by the usually traveled road at the time defendant prepared and adopted its budget but during the school year the condition of that road became such that travel thereover was impossible. The shortest usually traveled road capable of being used, and used, thereafter was four miles long. The parents presented the claim for transportation and defendant disallowed it. This action followed.

Defendant's budget for the 1948-1949 school year contained no separately designated item or fund for transportation costs. Defendant directs attention to G. S. 1947 Supp. 79-2926 (laws 1941) which requires the state accountant to prepare and prescribe forms for annual budgets of all taxing subdivisions or municipalities of the state and provides that the state tax commission shall deliver the forms for all school districts to the superintendent of schools within each county and that the latter shall deliver them to the clerk of the respective school districts and boards of education within each county.

Defendant also emphasizes the fact the budget form so delivered to and used by defendant contained an item for "Cost of Pupil Transportation" but that defendant budgeted no amount therefor. Defendant contends no such item having been specifically budgeted it could not be paid by defendant's officers; that its officers could not have paid the claim out of some other budgeted fund and the payment of the claim would have been unlawful. It rests these contentions primarily on *Superior Grade School District No. 110 v. Rhodes,* 147 Kan. 29, 75 P. 2d 251 (1938); *Shouse v. Cherokee County Comm'rs,* 151 Kan. 458, 99 P. 2d 779 (1940); *Gridley High School Dist. v. Woodson County Comm'rs,* 155 Kan. 407, 125 P. 2d 383 (1942), and the various budget and cash-basis statutes considered and interpreted therein.

On the other hand plaintiffs' position is the foregoing decisions cannot control later specific legislation on the subject. They rely, in part, on G. S. 1947 Supp. 72-621, enacted in 1947, which provides:

"That if the district board of any school district shall not provide or furnish transportation for all or any of the elementary or kindergarten pupils who reside in such district at least two and one-half miles, by the usually traveled road, from the public school which they attend in such district, then the governing body of such school district shall pay to the person transporting any such pupil not provided or furnished transportation, mileage at the rate of five cents per mile for each mile actually traveled by the usually traveled road in transporting such pupil to and from the public school attended. . . ."

Plaintiffs also assert that although the budget forms delivered to defendant by the commission under the provisions of G. S. 1947 Supp. 79-2926 (a 1941 law) contained an item under which transportation costs could have been listed separately the defendant was not, under G. S. 1947 Supp. 72-627 (a 1947 act) required to separately itemize the transportation fund. The latter law provides:

"The governing body of any school district may pay the cost of furnishing or providing transportation for pupils and compensate persons transporting pupils as authorized by this act, from the general fund or special transportation fund of the school district."

Plaintiffs also refer to G. S. 1947 Supp. 72-630 authorizing all common school districts to levy a tax in the years 1947 and 1948 of not to exceed two mills, each year, on all taxable tangible property to pay the cost of transporting pupils and that such tax is in addition to all other taxes levied or limited by law. Plaintiffs also direct attention to the extension of that statute by chapter 357, laws 1949.

G. S. 1935, 72-4801 compels parents to send all children between seven and sixteen years of age, with certain exceptions not here involved, to public schools. G. S. 1947 Supp. 72-621, previously noted, is mandatory and not discretionary. It compels defendant to pay the persons transporting pupils if defendant does not itself provide or furnish transportation. G. S. 1947 Supp. 72-627, previously noted, authorizes the defendant to pay the cost of such transportation from the general fund or from the special transportation fund. Here it is obvious the instant cost of transporting plaintiffs' children could not have been budgeted in either manner as it could not have been anticipated reasonably when the budget was adopted.

Whatever has been said in previous cases involving the budget or cash-basis law must be considered in the light of subsequent legislation. It will not be presumed the legislature intended to leave contradictory enactments on the statute books. (*Clark v. Murray*, 141 Kan. 533, 537, 41 P. 2d 1042.) The question now is what was

the legislative intent as reflected by subsequent or supplemental legislation? This requires consideration of statutes *in para materia* in order to bring them into workable harmony if reasonably possible to do so. (*Rausch v. Hill,* 164 Kan. 505, 190 P. 2d 357; *State, ex rel., v. Board of Regents,* 167 Kan. 587, 593, 207 P. 2d. 373.) Even if statutes may be not strictly *in para materia* in the construction and interpretation of those relating to the same subject matter or having the same general purpose, reference may be made to them in order to determine the intent of the legislature as to such subject matter or purpose. (*Clark v. Murray,* supra.)

It is also well to remember the constitutional limitation that no law shall be revived or amended unless the new act contains the act revived or the section or sections amended does not apply to amendments by implication or to independent acts which only incidentally restrict existing legislation. (*State, ex rel., v. Rural High-school District,* 126 Kan. 166, 267 Pac. 2; *Miltonvale Rural High School v. Community High School,* 153 Kan. 756, 764, 113 P. 2d 1095.)

Where there exists an irreconcilable conflict the latest enactment will control or will be regarded as an exception to, or qualification of, a prior statute. In other words the later enactments will be held to supersede, repeal or supplant the earlier ones by implication. (*In re Moseley's Estate,* 100 Kan. 495, 164 Pac. 1073; *State, ex rel., v. Rural High-school District,* supra; *Clark v. Murray,* supra.) Provisions of the present law for raising funds to meet demands resulting from occurrences which could not have been anticipated at the time the budget for the current year was prepared must also be noted. See G. S. 1947 Supp. 79-2938, 79-2939, 79-2940.

Assuming defendant, contrary to the legislative mandate, also failed to make provision for transportation costs in the general fund and that it further failed to provide such funds as are authorized by law after the instant unforeseen demand occurred, would those failures render defendant judgment proof? We do not think so. Although we are not presently concerned with the manner in which a judgment against defendant may be enforced but only with a question of its liability, it is not out of place to also direct attention of the parties to the provisions of G. S. 1947 Supp. 72-1032 pertaining to the manner of paying judgments against a common-school district as bearing on the subject of legislative intent.

It has not been our purpose, nor do we deem it necessary in this

case, to make an exhaustive review of the legislative history of the budget or cash-basis laws or of all the school laws which might possibly throw additional light on the question before us. We are, however, satisfied it was the legislative intent to permit plaintiffs to recover the statutory compensation for transporting their children under the admitted material facts in this case.

The judgment of the district court is affirmed.