No. 38,769

STATE OF KANSAS, *Appellant* and *Cross-Appellee,* v.
JAMES RICKS, *Appellee* and *Cross-Appellant.*

(250 P. 2d 773)

Opinion filed December 6, 1952.

*James N. Snyder,* assistant county attorney, argued the cause, and *Harold R. Fatzer,* attorney general, *Paul E. Wilson,* assistant attorney general, and *Colonel H. Boone,* county attorney, were with him on the briefs for the appellant.

*James E. Fussell,* of Leavenworth, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: The state appeals from a sentence imposed after defendant's conviction on a charge he escaped from the custody of officers, without actually breaking prison, in violation of G. S. 1949, 21-733 and 21-734.

The defendant has cross-appealed. We shall continue to refer to the parties as the state and the defendant. The main appeal will be considered first. The defendant was employed as a trusty out-

side the prison walls of the state penitentiary to which he had been committed for the commission of a felony. He left his employment and escaped. G. S. 1949, 21-733 provides:

"If any person confined in the penitentiary for any term less than life shall escape from such prison or from the custody of the officers, he shall be liable to the punishment imposed for breaking the prison."

G. S. 1949, 21-734 reads:

"If any person confined at hard labor for any term less than life shall escape therefrom without being guilty of breaking such prison within the meaning of the preceding section, he shall upon conviction be punished by confinement and hard labor for a term not exceeding three years, to commence at the expiration of the original term of imprisonment."

Defendant previously had been convicted of grand larceny and was serving a term in the penitentiary under a sentence of one to five years. The court sentenced the defendant on the charge of escaping from prison as provided in G. S. 1949, 21-734. The state contends that was defendant's second conviction of a felony and he should have been sentenced pursuant to provisions of the habitual criminal statute, G. S. 1949, 21-107a, the pertinent part of which reads:

"Every person convicted a second time of felony, the punishment of which is confinement in the penitentiary, shall be confined in the penitentiary not less than double the penalty of the second conviction. . . ."

The state asserts the habitual criminal statute contains no exceptions with respect to any particular felony; it was enacted and amended long after the enactment of G. S. 1949, 21-734, and is controlling, citing *State v. Woodman*, 127 Kan. 166, 272 Pac. 132. The state emphasizes the following statements in the Woodman case:

"Any irreconcilable conflict between these statutes would have to be resolved in favor of the more recent enactment, although they were both incorporated in the general revision of 1923. [Citations.] By the same reasoning the act of 1927 is paramount. However desirable it may be for the legislative draughtsman to include a repealing section in any new statute he is formulating, it is not absolutely necessary to do so. If the new legislation will not accord with all the older body of statutes, so much of the old as is in conflict with the new must impliedly yield to the latter as the last expression of the legislative will. [Citations.]" (p. 171.)

The avowed purpose and salutary provisions of the habitual criminal law as a disciplinary measure for those whom previous conviction and punishment have failed to reform were stated early in *State v. Woodman,* supra, and need not be repeated here.

The state also argues no actual conflict exists in G. S. 1949, 21-734 and G. S. 1949, 21-107a. It argues the former statute prescribed the penalty for the felony committed and the latter statute merely provides such penalty shall be doubled. It further contends, as previously stated, if there is a conflict in the statutes the last expression of the legislative will controls.

We need not engage in a lengthy treatise on the law of repeals by implication. It, however, may be well to observe at the outset that G. S. 1949, 21-734 does not purport to be and it is not a special habitual criminal law. In fact, it is not an habitual criminal law in any respect. Its sentencing provision merely prescribes the penalty for the offense committed. In that respect it does not differ in principle from any other statute which prescribes the punishment for a specific offense. The habitual criminal law is a subsequent general law and it is the only law which provides *an additional penalty* for the commission of a second and third offense. It does not conflict with G. S. 1949, 21-734. It merely provides for the imposition of an additional sentence for every person who is convicted a second and third time of any felony, the punishment of which is confinement in the state penitentiary.

Assuming, however, there might be merit in the contention the statutes are in conflict, the general rule is that where an irreconcilable conflict exists the last enactment will be held to supersede, repeal or supplant the earlier by implication. (*Kimminau v. Common School District*, 170 Kan. 124, 223 P. 2d 689.) It will not be presumed the legislature intended to leave contradictory enactments on the statute books. (*Kimminau v. Common School District,* supra.) In the final analysis courts look to the cardinal canon of construction to which all mere rules of interpretation are subordinate. It is that the legislative intent in subsequent legislation governs (*Kimminau v. Common School District,* supra) and such intent must be derived from the general terms and manifest purpose of the later law. (*Railway Co. v. Cowley County,* 103 Kan. 681, 684-685, 176 Pac. 99.) The habitual criminal law makes no exception of the instant offense. Its obvious purpose and intent is just as applicable to the instant offense as to any other. The sentence for the commission of the second felony should have been doubled.

We come now to defendant's cross-appeal in which he contends he was entitled to be tried by the court without a jury. At the time the cases were set for trial on a future date defendant waived trial

by jury and requested that his case be tried by the court alone. The record does not affirmatively disclose the county attorney consented to such a request. The most that can be said is that the record discloses no objection to defendant's request by the county attorney at that time. It appears the court thereupon assented to defendant's request. On the day set for trial a continuance was granted pursuant to consent of the parties. When the case came on for trial the assistant county attorney objected to the trial of the case by the court without a jury on the ground such a trial would be unlawful under the Kansas law. After the state's objection the trial court refused defendant's request and the case was tried by a jury.

The state argues a defendant and the state cannot by agreement submit a trial to the court in a felony case even though the court assents thereto, citing G. S. 1949, 62-1401, which reads:

"The defendant and prosecuting attorney, with the assent of the court, may submit the trial to the court, except in cases of felonies. All other trials shall be by jury, to be selected, summoned and returned as prescribed by law."

The contention urged by the state is not the precise issue presented under the facts of this particular case. The trial court had a right to change its mind before the commencement of the trial and did so. It, therefore, cannot be said the trial court assented to defendant's request.

The real question here is whether the trial court was compelled to try a felony case without a jury on defendant's request, to which the state objected. The state argues a jury can never be waived in a felony case in this state, citing *State v. Simons*, 61 Kan. 752, 60 Pac. 1052, but concedes that decision was modified in *State v. Scott*, 156 Kan. 11, 131 P. 2d 664. In the Scott case one of the jurors became ill in the course of the trial and the trial proceeded with eleven jurors in accordance with the consent of all parties and the trial court. In the Scott case it was held:

"The defendant in a criminal action for felony may intelligently and affirmatively, and with the consent of the prosecuting attorney and of the trial court, waive his right to trial by a jury of twelve persons and consent to trial by a lesser number.

"The decision in *State v. Simons*, 61 Kan. 752, 60 Pac. 1052, insofar as it is in conflict with the opinion herein, is overruled." (Syl. ¶ 1, 2.)

After a review in the Scott case of numerous authorities the opinion was concluded as follows:

"Without repeating the arguments embodied in what has been said, we have reached the conclusion that as applied to the case at bar, the sounder view

is that a defendant in a criminal action for felony may intelligently and affirmatively, and with consent of the prosecuting attorney and of the trial court, waive his right to trial by a jury of twelve persons and consent to trial by a lesser number. In view of our conclusion *State v. Simons,* supra, insofar as it is in conflict with the conclusion here expressed, is overruled." (p. 16.)

The state and defendant both refer to certain statements in *State v. Christensen,* 166 Kan. 152, 199 P. 2d 475. An examination of the syllabus discloses the question here presented was not an issue in that case. Isolated statements in the opinion stressed by the parties cannot be lifted from their context and construed as being intended to support either of their contentions.

Defendant also argues the modern tendency is to compel the submission of felony cases to a trial court without a jury where a defendant waives his right to a trial by jury. Assuming, without deciding, such a tendency represents the majority view we need not pursue the merits thereof. We are satisfied defendant's contention cannot be sustained under the provisions of G. S. 1949, 62-1401, previously quoted.

The actual question now presented is not whether a defendant may waive trial by jury in a felony case or whether there may be a lawful trial in such a case if the parties agree to waive a jury and the court assents thereto. The specific and only question before us is whether a defendant's waiver of trial by jury in a felony case compels the court to try the case alone over the objection of the state. Our answer is it does not.

It is true a defendant in a criminal case enjoys the constitutional right or privilege of trial by jury. That is a personal right of which he may not be deprived against his will. Being a right personal to him he, of course, need not insist upon it for his own protection. In other words he may waive it insofar as he is personally concerned. It does not follow, however, that he, therefore, has a right to compel a court to try his case without the assistance of a jury. The constitution does not grant him such power over the trial court.

Moreover a defendant is not the only party to the trial. The state has an interest in the subject of trial by jury as a matter of public policy. (*State v. Scott,* supra, p. 12-13.) The state has declared its policy on the subject through its duly constituted authority, the legislature, in the enactment of G. S. 1949, 62-1401, previously quoted herein. Defendant's waiver of a personal right does not bind the state or the trial court. It does not compel the court to abandon a state policy which in the wisdom of its law-

making agency is believed to protect the interests of society in general. The result is defendant's cross-appeal cannot be sustained.

The action is remanded to the district court with directions to double the sentence on defendant's second conviction of a felony. In all other respects the judgment is affirmed.