WINDOW ROCK DISTRICT COURT

June 29, 1982

No. WR-CR-985-82

. OPINION AND ORDER

NAVAJO NATION, Plaintiff, v.

JIM DAVIS, Defendant.

Honorable Tom Tso, Judge presiding.

This criminal defendant is charged with the offense of battery, in violation of 17 NTC Sec. 316. He pleaded not guilty on March 4, 1982 and on March 9, 1982 his counsel made a written demand for a jury trial. On March 5th, the day after the plea, a written notice was sent to the attorney for the defendant indicating there would be a jury trial on May 3rd at 1:00 p.m. The notice indicated the trial would be in the Window Rock District Court.

On May 3rd the defendant's counsel was present for trial, but the defendant failed to appear. The explanation given for the defendant's absence was that the defendant somehow thought the trial was to be in Tuba City, and that is where he was. The defense attorney represented to the court that as far as he knew the defendant indeed knew the proper place to be.

On May 13th this court issued an order denying a jury at the time of the trial of this case, and indicated a more lengthy opinion would be forthcoming. This is the opinion on the matter.

As the court reviews the law applicable, it finds that the right to a jury trial in criminal matters is an absolute right. 25 U.S.C. Sec. 1302(10). Of this right it has been said:

> "It is true a defendant in a criminal case enjoys the constitutional right or privilege of trial by jury. That is a personal right of which he may not be deprived against his will." State v. Ricks, 250 P.2d 773, 777 (Kan. 1952).

It has otherwise been said that the right to a trial jury, when guaranteed as fundamental law, cannot be taken away. 47 Am.Jur.2d, Jury Secs. 20, 47.

Therefore it appears that this court cannot take the defendant's poorly-excused absence as a means of finding the defendant cares so little for his own trial that he has waived a trial by jury. Therefore the defendant shall have a jury trial if he continues to demand it.

There is also the matter that the defendant caused the Navajo Nation the expense of summoning jurors on the date fixed for trial. That conduct was clearly in contempt of the court, the jurors and counsel who were present.

It has been said that direct contempts of court may be summarily punished. 17 Am.Jur.2d, Contempt Sec. 86. Negative acts can constitute a direct contempt of court, deemed to be in the presence of the court. Id. Sec. 6. In the California case of Lyons v. Superior Court, a criminal defense attorney failed to appear for trial and only gave the excuse he had a cold and overslept. 278 P.2d 681 (Cal. 1955). The court held that conduct was a direct contempt of court, deemed to be in its presence. Id. at 683.

Therefore this court finds the defendant to be in contempt of court and orders the following:

1. The defendant shall be committed to jail to assure his appearance at trial or, in lieu of commitment, he shall be admitted to bail in the sum of $500;

2. The defendant is found guilty of a direct contempt of court and shall pay the cost of summoning the jurors for the May 3rd trial within 10 days of the date of this order. He shall be jailed thereafter until such sum is paid;

3. All proceedings in this case shall be at the courtroom of the Court and Police Building in Window Rock, Navajo Nation (Arizona). (This order is made to clearly advise the defendant of the place of trial); and

4. No later than ten (10) days prior to trial, counsel for the defendant shall file an affidavit with the clerk of court stating that he has personally advised the defendant of the time, date and place of trial.