No. 57,607

STATE OF KANSAS, *Appellant,* v. RICHARD C. SIVER, JR., *Appellee.*

No. 57,606

STATE OF KANSAS, *Appellant,* v. KENNETH RILINGER, *Appellee.*

(701 P.2d 699)

Opinion filed June 21, 1985.

*Edward J. Gaschler,* deputy county attorney, argued the cause, and *John Shirley,* county attorney, and *Robert T. Stephan,* attorney general, were with him on the brief for appellant.

*Robert A. Levy,* of Lelyn J. Braun, Chartered, of Garden City, argued the cause and was on the brief for appellees.

The opinion of the court was delivered by

McFARLAND, J.: Defendants Richard C. Siver and Kenneth Rilinger were each charged with the sale of a controlled substance in violation of K.S.A. 65-4127a, a felony. Approximately one month prior to their scheduled jury trial each defendant: (1) requested a continuance; and (2) sought to waive trial by jury in favor of a bench trial. The State did not object to the requested continuances but did object to the waivers of trial by jury. Over the State's objection, the district court allowed the waivers. The State filed an interlocutory appeal to challenge these rulings. Further proceedings in the district court were delayed during the pendency of the appeal. The Court of Appeals ultimately dismissed the interlocutory appeals for lack of jurisdiction. The district court subsequently dismissed the two cases herein on the grounds that defendants had not been brought to trial within the 180-day mandate of K.S.A. 22-3402(2). The State filed notices of appeal following the dismissals. The sole issue in each appeal is the propriety of the district court's allowance of the waiver of jury trial and takes the form of a question reserved. The cases have been consolidated on appeal.

The issue before us is a matter of statutory construction. K.S.A. 22-3403(1) provides:

"The defendant and prosecuting attorney, with the consent of the court, may submit the trial of any felony to the court. All other trials of felony cases shall be by jury."

Specifically, the sole issue is whether or not the State's approval is necessary, under K.S.A. 22-3403(1), to effectuate a waiver of jury trial by a defendant in a felony case.

A similar issue was raised in *State v. Ricks,* 173 Kan. 660, 250 P.2d 773 (1952). In *Ricks,* defendant announced a waiver of trial by jury but the State objected thereto. The trial court held that jury trial in a felony case could not be waived by a defendant over the State's objection. In his cross-appeal, Ricks claimed such ruling was erroneous. The statute involved in *Ricks* was G.S. 1949, 62-1401, which provided:

"The defendant and prosecuting attorney, with the assent of the court, may submit the trial to the court, except in cases of felonies. All other trials shall be by jury, to be selected, summoned and returned as prescribed by law."

In *Ricks,* this court held:

"The actual question now presented is not whether a defendant may waive trial by jury in a felony case or whether there may be a lawful trial in such a case if the parties agree to waive a jury and the court assents thereto. The specific and only question before us is whether a defendant's waiver of trial by jury in a felony case compels the court to try the case alone over the objection of the state. Our answer is it does not.

"It is true a defendant in a criminal case enjoys the constitutional right or privilege of trial by jury. That is a personal right of which he may not be deprived against his will. Being a right personal to him he, of course, need not insist upon it for his own protection, In other words he may waive it insofar as he is personally concerned. It does not follow, however, that he, therefore, has a right to compel a court to try his case without the assistance of a jury. The constitution does not grant him such power over the trial court.

"Moreover a defendant is not the only party to the trial. The state has an interest in the subject of trial by jury as a matter of public policy. (*State v. Scott,* [156 Kan. 11, 12-13, 131 P.2d 664 (1942)]). The state has declared its policy on the subject through its duly constituted authority, the legislature, in the enactment of G.S. 1949, 62-1401, previously quoted herein. Defendant's waiver of a personal right does not bind the state or the trial court. It does not compel the court to abandon a state policy which in the wisdom of its lawmaking agency is believed to protect the interests of society in general. The result is defendant's cross-appeal cannot be sustained." 173 Kan. at 664-65.

K.S.A. 22-3403(1) is a successor to G.S. 1949, 62-1401 (the statute involved in *Ricks*). The statute in effect in *Ricks* permitted waiver of jury trial in misdemeanor cases. Further, "assent" rather than "consent" of the court was required to effectuate the waiver. In the context of these jury trial waiver statutes, we find no difference of meaning was intended between the use of the words "assent" and "consent."

In 1955, the statute involved in *Ricks* (G.S. 1949, 62-1401) was repealed and was replaced by one extending its scope to trials of felony cases. As stated in *State v. Burnett,* 194 Kan. 126, 397 P.2d 346 (1964):

"In 1955 the legislature repealed the mentioned statute [G.S. 1949, 62-1401] and enacted the following, which now appears as G.S. 1961 Supp. 62-1401:

" 'The defendant and prosecuting attorney, with the assent of the court, may submit the trial to the court. All other trials shall be by jury, to. be selected, summoned and returned as prescribed by law.'

"The language of this statute is clear, and simply means that a jury may be waived in any criminal trial, including one for felony—provided the defendant, the state and the trial court, assent to such waiver." 194 Kan. at 131.

The present statute, K.S.A. 22-3403(1), applies only to felony cases. Trial of misdemeanor cases and traffic infraction cases is to the court unless a defendant requests a jury trial at least 48 hours prior to the scheduled bench trial (K.S.A. 1984 Supp. 22-3404[1]).

*Ricks* and *Burnett* are persuasive and, we believe, their holdings are controlling herein. We conclude K.S.A. 22-3403(1) requires that a trial of a felony case shall be by jury unless the defendant, the prosecution and the court agree to a waiver of jury trial. Two of the three necessary elements cannot force a bench trial upon the third. Accordingly, we hold the district court herein lacked authority to allow the defendants' waivers of jury trial over the timely objections of the State and such allowances were improper.

The appeals are sustained.