No. 42,841

SCHOOL DISTRICT, JOINT No. 71, Rooks County, Kansas, et al., *Appellees*, v. ADEL F. THROCKMORTON, State Superintendent of Public Instruction and THE STATE COMMITTEE ON SCHOOL DISTRICT ORGANIZATION, *Appellants.*

(370 P. 2d 89)

Opinion filed April 7, 1962.

*Edward Curry,* assistant attorney general, argued the cause and *William M. Ferguson,* attorney general, was with him on the briefs for the appellants.

*E. H. Hatcher,* of Topeka, and *Marion Chipman,* of Hill City, argued the cause and *W. H. Clark* and *Kenneth Clark,* of Hill City, and *Bernard J. Brungardt,* of Hays, were with him on the briefs for the appellees.

*Fred W. Rausch, Jr.,* of Topeka, filed a brief as *amicus curiae* for the Kansas Association of School Boards.

*Jack A. Quinlan* and *Myron L. Listrom*, both of Topeka, filed a brief as *amici curiae* for Common School District No. 7, Tecumseh, Shawnee County.

*Clarence J. Malone* and *Lelyn Braun*, both of Topeka, filed a brief as *amici curiae* for Kansas Rural School Association.

The opinion of the court was delivered by

JACKSON, J.: This action for a declaratory judgment was filed in Graham County. The plaintiffs, some twenty-four common and high school districts of the state, challenged the constitutionality of Chapter 361, Laws of 1961 which now appears as G. S. 1961 Supp. 72-6701 *et seq.* This act has become known as the Unified School District Act. The district court heard the parties as soon as the pleadings were filed and found the Act violated the state constitution in a number of particulars including the charge that it unlawfully delegated legislative authority. The defendants promptly appealed to this court.

Because of the urgency of the issues involved, the court set the appeal for argument in the November session. However, the court was dissatisfied and felt counsel had not had time to properly study the case and assigned it for reargument at the January session. The parties rebriefed the case and it was reargued. A number of briefs *amici curiae* also were submitted.

Realizing the importance of the case and believing that it might be of value to have a decision as early as possible, the court on January 27, 1962, handed down an opinion affirming the judgment of the district court. The court reserved the right to write a more adequate opinion later if necessary. The present opinion will add a few observations which may make clearer our former decision, *School District, Joint No. 71 v. Throckmorton*, 189 Kan. 259, 368 P. 2d 367.

The court is of the opinion that the Act in question unlawfully delegates legislative power to the county boards of school planning in violation of article 2, section 1 of our constitution. The court believes that, despite the fact some standards are contained in section 2 of the act, adequate standards are not provided for such county planning committees. It will be noted that section 4 of the act, which apparently endeavors to explain the powers of the county committees as to setting boundaries, is quite similar to section 72-5607 G. S. 1945 Supp. which was found wanting as to setting of standards in the case of *State, ex rel., v. Hines*, 163 Kan. 300, 182 P. 2d 865. The Hines case and authorities cited therein

show that the fixing of boundaries as well as other qualifications of school districts are legislative powers. In short, the county planning committees are not given adequate standards to enable them to act as administrative bodies.

While the above shortcoming in the act is sufficient to render the entire act unconstitutional, we note a few other infirmities.

Section 29 of the act would seem to contain matter not covered in the title of the act since it appears that the unified school districts referred to in section 29 are districts which are not organized "by a vote of the people" as the title provides. Thus article 2, section 16 of the state constitution would appear to be violated.

It was noted in the first opinion of the court that some members were uncertain as to the provisions concerning Greeley county. Section 29 of the act would seem to leave Greeley county out of the act entirely because of a fault in the title of the act.

Section 21 of the act seems to be indefinite on the question whether the new unified districts should become responsible for the bonded indebtedness of the old districts absorbed; whether the new districts might take the assets of the old districts without assuming the bonded indebtedness, and whether certain other statutes on this subject are repealed by implication.

There would appear to be good reason to believe that the legislature failed to always follow the provisions of article 2, section 16 of the state constitution in writing the statute now under consideration.

The court is fully cognizant of the need for adequate and good schools but the state constitution must be upheld. We are quite certain that a valid statute along the lines of the present statute may be drawn. However, from what has been said the judgment of the district court must be affirmed. It is hereby so ordered.