Richard R. Yoxall, Counsel Unified School District No. 480 101 West 4th Street Liberal, Kansas 67901
Dear Mr. Yoxall:
As legal counsel for Unified School District No. 480, you request our opinion regarding whether Unified School District No. 480 is required by K.S.A. 72-1623 to publish in a newspaper the names, positions and salaries of the superintendent and department heads of the School District.
Pursuant to K.S.A. 72-1623, "[a] board shall establish and maintain a system of free public schools for all children residing in the city school district and may make all necessary rules and regulations for the government and conduct of such schools, consistent with the laws of the state. . . ." The board is to "hold the title to, and have the care and keeping of all school buildings and other school properties belonging to the city school district [and] may, in its discretion, open any or all school buildings for community purposes. . . ."[1] The board is further authorized to sell school buildings and other school properties that it determines are not needed by the city school district.[2] Lastly, "[o]n or about October 1 of each year, in all cities of the first class, the board shall cause to be published in a newspaper printed and published in the city a statement showing the name, position and salary of the superintendent and department heads of said school system."[3]
K.S.A. 72-1623 was enacted in 1951[4] and last amended in 1957.[5]
During that time, public education was provided through "common school districts offering grades 1 to 8, high school districts offering grades 9 to 12, and city school districts offering grades 1 to 12."[6]
Beginning in 1963, the Legislature advocated that education be provided through a system of unified school districts. The School Unification Acts[7] had the effect of reorganizing all of the school territory of the State into unified school districts that offer grades 1 to 12.[8]
After school unification, there were no longer any common, high, or city school districts.
In order to determine whether the Board of Education for Unified School District No. 480 is obligated under K.S.A. 72-1623 to publish in a newspaper the names, positions and salaries of the superintendent and department heads of the School District, we follow the rules of statutory construction.
"Interpretation of a statute is a question of law, and it is the function of the court to interpret a statute to give it the effect intended by the legislature. It is a fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the legislature governs if that intent can be ascertained.
"In determining legislative intent, courts are not limited to consideration of the language used in [the] statute, but may look to the historical background of the enactment, the circumstances attending its passage, the purpose to be accomplished, and the effect the statute may have under the various constructions suggested. In construing statutes, the legislative intention is to be determined from a general consideration of the entire act."[9]
"There is a presumption the legislature does not enact meaningless legislation."[10] "A statute must be interpreted in the context in which it was enacted and in light of the legislature's intent at that time."[11]
As previously noted, the board that was obligated at the time K.S.A.72-1623 was enacted to publish the statement was "[t]he board of education of a city of the first or second class,"[12] a board that no longer existed after school unification. However, in providing for school unification, the Legislature transferred to boards of education of unified school districts the powers that were previously held by boards of education for cities of the first class.
"Except as otherwise provided in the unification acts, the board [of education for a unified school district] shall have and may exercise the same powers and authorities as were immediately prior to this act conferred uniformly upon boards of education in cities of the first class, and, in addition thereto, the powers and authority expressly conferred by law."[13]
The Kansas Supreme Court has construed the provisions of K.S.A.72-1623 with those included in K.S.A. 72-8205 when determining in part the authority of the Kansas State Board of Education to enact regulations related to school conduct.[14] It appears that the Court does not view K.S.A. 72-1623 as superfluous.
Further, the Legislature itself referenced K.S.A. 72-1623 when it was determining which entities would constitute "taxing subdivisions" for the purpose of establishing employee benefits contribution funds.[15] After July 1, 1990, "any school district operating a public library pursuant to K.S.A. 72-1623" is a "taxing subdivision" authorized to create and establish employee benefit contribution funds.[16] K.S.A. 72-1623
remains in effect.
The duty of a board of education under K.S.A. 72-1623 to publish the names, positions and salaries of the superintendent and department heads is not superseded by the Kansas Open Records Act (KORA).[17] "General and special statutes should be read together and harmonized whenever possible, but to the extent a conflict between them exists, the special statute will prevail unless it appears the legislature intended to make the general statute controlling."[18] The KORA requires, with some exceptions, that "any recorded information, regardless of form or characteristics, which is made, maintained or kept by or is in the possession of any public agency,"[19] including the board of education of a unified school district,[20] "be open for inspection by any person unless otherwise provided [in the KORA]. . . ."[21] The information is provided upon the request of a person[22] who may be required to pay for copies of the information.[23] K.S.A. 72-1623, however, is applicable only to boards of education. The obligation to publish the information exists regardless whether a request is received by the board of education. No one individual is assessed a fee by the board of education for providing the information. If a person submits a request for the information at any other time, the board is required by the KORA to provide it. The KORA and K.S.A. 72-1623 may be read together. The KORA does not supersede K.S.A. 72-1623. The duty of a board of education of a unified school district to publish the names, positions and salaries of the superintendent and department heads is independent of any obligations placed upon the board by the KORA.
Neither K.S.A. 72-1623 nor regulations enacted by the State Board of Education identify the "department heads" of a unified school district. The term appears in one school-related case, but it was not necessary for the Kansas Supreme Court to address which employees of a unified school district constitute "department heads."[24] "The legislature has instructed us that `(w)ords and phrases shall be construed according to the context and the approved usage of the language . . . [and] [t]echnical words and words and phrases that have acquired a peculiar meaning in law are to be construed according to their peculiar and appropriate meanings.'"[25] "Department heads" is not a technical term or phrase. A "department head" is "[t]he principal person or chief"[26]
of "a branch or division"[27] of the school district. It is within the discretion of the board of education of a unified school district to designate the employees who serve as "department heads."[28]
In review, a board of education of a unified school district is obligated under K.S.A. 72-1623 to publish the names, positions and salaries of the superintendent and department heads of the school district. The obligation is independent of any duty to provide public information pursuant to the KORA.
Sincerely,
 PHILL KLINE Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
PK:JLM:RDS:jm
[1] K.S.A. 72-1623.
[2] Id.
[3] Id.
[4] L. 1951, Ch. 395, § 37.
[5] L. 1957, Ch. 385, § 1.
[6] Tecumseh School Dist. No. 7 v. Throckmorton, 195 Kan. 144, 145
(1965).
[7] See K.S.A. 72-6734 et seq.
[8] Tecumseh School Dist. No. 7, 195 Kan. at 145.
[9] In re Lietz Construction Co., 47 P.3d 1275, 1282 (Kan. 2002) (internal citations and quotation marks omitted).
[10] American Trust Administrators, Inc. v. Sebelius, 44 P.3d 1253,1259 (Kan. 2002).
[11] Sowers v. Tsamolias, 23 Kan. App. 2d 270, 273 (1996), quotingState Bd. of Nursing v. Ruebke, 259 Kan. 599, Syl. ¶ 12 (1996).
[12] L. 1951, Ch. 395, § 25, codified at K.S.A. 72-1611
(repealed). See State ex rel. Miller v. Board of Education (Peabody),212 Kan. 482, 490 (1973).
[13] K.S.A. 72-8205(b).
[14] State ex rel. Miller, supra. K.S.A. 72-1623 has been cited in two other opinions issued by the Kansas Supreme Court since unification occurred. The cases are of little assistance in interpreting K.S.A.72-1623. See NEA-Shawnee Mission, Inc. v. Bd. of Education, U.S.D. No.512, 212 Kan. 741 (1973) (Court notes that statute is among the provisions listed by local board of education regarding its authority to manage and control the affairs of a school district); Smith v. Bd. ofEducation, Caney School Dist. No. 34, 204 Kan. 580 (1970) (appellee appears to be a common, high, or city school district rather than a unified school district).
[15] K.S.A. 12-16,102.
[16] See L. 1990, Ch. 73, § 1.
[17] K.S.A. 45-215 et seq.
[18] In re Marriage of Riggle, 52 P.3d 360, 368 (Kan. Ct. of Appeals 2002), citing In re Estate of Antonopoulos, 268 Kan. 178, 189
(1999).
[19] K.S.A. 45-217(f).
[20] See K.S.A. 45-216(e).
[21] K.S.A. 45-216(a).
[22] See K.S.A. 45-218.
[23] K.S.A. 45-219.
[24] Ottawa Ed. Ass'n v. U.S.D. No. 290, 233 Kan. 865 (1983).
[25] Gonzales v. Associates Financial Service Co. of Kansas,266 Kan. 141, 149 (1998), citing K.S.A. 2001 Supp. 77-201 Second, as amended by L. 2002, Ch. 114, § 79.
[26] Black's Law Dictionary 648 (1979).
[27] Black's Law Dictionary 393 (1979).
[28] See K.S.A. 72-8202e.