CATHERINE POWERS *vs.* INHABITANTS OF WAKEFIELD.
NELLIE T. MURPHY *vs.* SAME.
MARY MURPHY *vs.* SAME.

Middlesex.    November 19, 1918. — January 3, 1919.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Negligence,* In use of gas.

At the trial of an action against a town which made and sold illuminating gas to its inhabitants, including the plaintiff, for personal injuries alleged to have been caused by the fumes of illuminating gas escaping upon the plaintiff's premises through negligence of the defendant's employees, there was evidence that, having been notified by the plaintiff of insufficiency in the flow of gas, the defendant's employees undertook and performed the duty "of blowing an accumulation

of gas water out of the supply pipe running from the defendant's gas main" into the plaintiff's cellar, that in doing so they permitted two teaspoonfuls of "water drip" to run upon the cellar floor. An experiment tried before the jury in the court room, when two teaspoonfuls of "water drip" were poured upon a piece of blotting paper, showed that an odor immediately was produced which so permeated the court room with the odor of illuminating gas that the windows were ordered opened. A physician and expert called by the plaintiff testified that in his opinion the vapors rising from the "water drip" spilled upon the plaintiff's cellar floor caused the plaintiff's sickness. *Held*, that there was evidence of negligence of the defendant's employees in permitting the "water drip" to be spilled upon the cellar floor, in not removing it after it was spilled, and in not airing the cellar to rid the premises of the noxious vapors and fumes, and that a finding was warranted that such negligence caused the plaintiff's injuries.

THREE ACTIONS OF TORT for personal injuries alleged to have resulted from illuminating gas caused, by negligence of employees of the defendant, to escape upon premises occupied by the plaintiffs. Writs dated May 8, 1915.

The actions were tried together in the Superior Court before *Keating*, J. The evidence is described in the opinion. At the close of the evidence the judge denied motions of the defendant that verdicts be ordered for it. The jury found for the plaintiffs in the sums of $500, $250 and $150 respectively; and the defendant alleged exceptions.

*M. E. S. Clemons*, for the defendant.

*J. A. Pagum*, for the plaintiffs.

BRALEY, J. It was admitted by the defendant town that it makes and sells gas to the inhabitants, and that the duty "of blowing an accumulation of gas water out of the supply pipe running from the defendant's gas main" to the dwelling house occupied by the plaintiffs, was undertaken and performed by its servants during the afternoon of the day· when the alleged injuries were suffered for which they severally seek damages. The jury properly could find that the odor of gas pervaded the house to such an extent, and that the gas was of such a noxious character as to cause the sickness complained of, and that the plaintiffs were not shown to have neglected any reasonable precautions to protect themselves from its effects. *Finnegan* v. *Fall River Gas Works Co.* 159 Mass. 311.

But if the question of the plaintiffs' due care was one of fact, the defendant contends there is no evidence of its negligence. The defendant, having been notified that the flow of gas through

the fixtures was not of sufficient volume, sent workmen to the place who unscrewed a plug in the gas pipe where it entered the house on the inside of the cellar wall, and as the plug was removed about two teaspoonfuls of a substance known as "water drip" which emits an odor similar to and practically indistinguishable from illuminating gas, ran out on to the cellar floor. The defendant offered evidence that this substance was harmless, and contended that, there being no proof of any leakage or escape of gas from the pipes, the plaintiffs could not recover. The plaintiffs' physician and expert however testified, that in his opinion the vapors arising from the gas pipes, meaning the drip on the cellar floor, caused the plaintiffs' sickness. And the jury could say that the experiment in their presence when, two teaspoonfuls of the substance having been poured on a piece of blotting paper, an odor was immediately produced which so permeated the court room that the windows were ordered open, tended strongly to confirm his opinion, as well as to illustrate its pungent and deleterious quality. It was the duty of the defendant when removing such a substance under the conditions described to use reasonable diligence to prevent harm to the inmates of the house, and whether that duty had been performed by leaving the drip on the floor when it could have been placed in a suitable receptable and taken away or the cellar windows opened, also was for the jury. *Holly* v. *Boston Gas Light Co.* 8 Gray, 123.

*Exceptions overruled.*