JOSEPH L. BARBEAU *vs.* BUZZARDS BAY GAS COMPANY.

Barnstable.    January 9, 1941. — January 29, 1941.

Present: FIELD, C.J., DONAHUE, LUMMUS, COX, & RONAN, JJ.

*Negligence,* Gas. *Proximate Cause.*

A finding of negligence of a gas company which was the proximate cause of damage to the owner of a building was warranted by evidence that employees of the company, called to repair a leak in the pipe leading to the building, knew or should have known that gas had escaped from the leak and had lodged in the cellar, but nevertheless, after repairing the leak, told the owner "everything was all right," and that thereafter gas remaining in the cellar was exploded by a spark from an electric motor there used.

TORT. Writ in the Superior Court dated April 5, 1938.

The case was tried before *Walsh,* J., and a verdict was returned for the plaintiff in the sum of $1,478.12.

*E. J. Campbell,* for the defendant.

No argument nor brief for the plaintiff.

RONAN, J. The plaintiff conducted a gasoline filling station and an automobile repair shop in a building owned by him, located upon the corner of Main Street and Harrison Avenue in Buzzards Bay, which was supplied with gas by the defendant by means of a service pipe which ran from the

gas main in Harrison Avenue to the plaintiff's building. During the first week of November, 1937, the service pipe was bent by a mechanical shovel operated by a contractor who was laying a water main in Harrison Avenue. The bend in this service pipe was about twelve feet from the plaintiff's building. Later, the contractor filled in the trench, and tamped down the earth by running over it a three and one half ton truck loaded with rock and also by using a gasoline roller. When the plaintiff arrived at his place of business on the morning of November 24, 1937, he noticed a strong odor of gas. He opened the windows and doors and telephoned to the defendant. Within twenty or twenty-five minutes the defendant's employees came to his premises and uncovered two feet of the service pipe a short distance from the corner of the building. One of the men threw a match into this excavation and there was a flame which they then extinguished by putting earth upon it. They then began to dig over the main on Harrison Avenue where the pipe had been bent by the mechanical shovel. After they had dug down a foot or fourteen inches "the earth burst open, came out as it comes out of a forge blower." Later the service pipe was exposed and found to be cracked. The leak was repaired before noon, and one of the defendant's employees told the plaintiff that the leak was repaired "and everything was all right." The plaintiff closed the doors and windows and lighted a fire in the stove. The plaintiff's son went into the men's room at about 5:30 o'clock on that afternoon. The water used in this room came from a tank, located in the cellar, which was kept filled by an electric motor that generated a spark when it started. After the son allowed the water to run, the motor started and an explosion occurred, blowing out the windows and doors and moving an end of the building off the foundation. There was evidence that the explosion was caused by a spark from the electric motor igniting the gas that had entered the cellar from the ground around the pipes going into the building. The jury found for the plaintiff. The defendant excepted to the refusal of the judge to direct a verdict for it.

The defendant in the conduct of its business was bound to use reasonable care to prevent the escape of gas upon the premises of the plaintiff; and that degree of care, in view of the dangerous character of gas and its tendency to escape, means care commensurate with the danger that would probably result if such care were lacking. *Holly* v. *Boston Gas Light Co.* 8 Gray, 123. *Smith* v. *Boston Gas Light Co.* 129 Mass. 318. *Greaney* v. *Holyoke Water Power Co.* 174 Mass. 437. *Koplan* v. *Boston Gas Light Co.* 177 Mass. 15. *Nugent* v. *Boston Consolidated Gas Co.* 238 Mass. 221. *Salem* v. *Salem Gas Light Co.* 241 Mass. 438. But the defendant contends that the escape of the gas was due to the negligence of the contractor, and that as soon as it had notice of the leak it acted with reasonable diligence in preventing further escape of the gas and in repairing the leak. Even if we assume in favor of the defendant that it was not negligent in failing to discover the leak prior to receiving notice from the plaintiff on the morning of the explosion, and that it acted reasonably in repairing the broken pipe, yet the jury could find that the employees of the defendant had learned from the two excavations they had made that a considerable quantity of gas had escaped from the cracked pipe; that the gas that had escaped would travel along any pipes, especially where the ground had been frozen, into the plaintiff's building; that the complaint made by the plaintiff to the defendant after he arrived at the building that morning, and the fact that the doors and windows of the building were opened on such a cold morning when the employees arrived and remained open up to the time they left the premises, indicated that gas had got into the building and that in all the circumstances they knew or ought to have known that this gas, which was heavier than air, had lodged in the plaintiff's cellar. This is true even though the defendant did not know that an abandoned water pipe ran from about eight feet from Harrison Avenue into the cellar and that the end of this pipe toward Harrison Avenue was open. The jury could reasonably infer that one of the purposes of making the excavation near the corner of the plaintiff's building was

to furnish a vent for the escape of the loose gas upon his premises. They could also find that when the leak was repaired one of the defendant's employees told the plaintiff that "everything was all right." A finding that the defendant had undertaken to eliminate this free gas from the plaintiff's premises was warranted, as was a further finding that the defendant had negligently failed to remove such gas before the explosion occurred. *Ferguson* v. *Boston Gas Light Co.* 170 Mass. 182. *Soulier* v. *Fall River Gas Works Co.* 224 Mass. 53. *Powers* v. *Wakefield,* 231 Mass. 565. It was said in *Hunt* v. *Lowell Gas Light Co.* 3 Allen, 418, 419, that, upon notice of a leak and notice that its gas was being emitted upon the premises of the plaintiff, the defendant was bound "to attend immediately to it, and to use due diligence to stop the leak and exclude the gas from his premises." See *Leahy* v. *Standard Oil Co. of New York,* 224 Mass. 352; *Guinan* v. *Famous Players-Lasky Corp.* 267 Mass. 501; *Pudlo* v. *Dubiel,* 273 Mass. 172; *Sarna* v. *American Bosch Magneto Corp.* 290 Mass. 340; *Geraci* v. *A. G. Tomasello & Son, Inc.* 293 Mass. 552. If the defendant's conduct was such that harmful consequences to another would probably ensue, then the defendant is liable even if the precise manner in which the harm resulted could not be foreseen. *Koplan* v. *Boston Gas Light Co.* 177 Mass. 15. *Dulligan* v. *Barber Asphalt Paving Co.* 201 Mass. 227. *Teasdale* v. *Beacon Oil Co.* 266 Mass. 25. *Beauvais* v. *Springfield Institution for Savings,* 303 Mass. 136.

No question of pleading or variance is open. *Earle C. Dodds Inc.* v. *Boston Casualty Co., ante,* 124, 127.

*Exceptions overruled.*