No. 40,785

W. G. WEBSTER, *Appellant,* v. THE KANSAS POWER AND LIGHT COMPANY and W. O. HOMER, *Appellees.*

(323 P. 2d 643)

Opinion filed April 7, 1958.

*Arthur S. Humphrey,* of Junction City, argued the cause and *Kenneth V. Moses,* of Marysville, was with him on the briefs for the appellant.

*Robert E. Russell,* of Topeka, and *C. L. Hoover,* of Junction City, argued the cause and *Clayton E. Kline, M. F. Cosgrove, Willard N. Van Slyck, Jr., William B. McElhenny, Russell Stites,* all of Topeka, *Charles I. Platt, Phillip L. Harris,* and *Robert A. Schermerhorn,* of Junction City, were with them on the briefs for the appellees.

The opinion of the court was delivered by

HALL, J.: This is an appeal from the order of the trial court sustaining the separate demurrers of the defendants to the plaintiff's evidence.

The plaintiff W. G. Webster filed suit against the Kansas Power and Light Company and W. O. Homer to recover damages as the result of a gas explosion. In his petition the plaintiff alleged that he owned two frame duplex apartment houses in Junction City; that a gas main of the Kansas Power and Light Company was lo-

cated in an alley adjacent to the houses; that at about 1:30 a. m., May 26, 1955, one of plaintiff's tenants struck a match to light a gas stove; that there was an explosion which blew down and destroyed the house; that the explosion was caused by the concurrent negligence of defendants in that defendant Homer in December, 1954, while acting as an independent contractor dug a sewer service trench from the main sewer in the alley to the plaintiff's houses with a power machine known as a backhoe; that in so doing the operator of the hoe negligently caught it on the gas main and breaking it at a point near plaintiff's houses; that Homer failed to notify the power company of this occurrence and that the power company was negligent in not inspecting its main after the sewer trench had been dug and that an inspection would have disclosed the soil to be saturated with gas.

Upon the completion of plaintiff's evidence both defendants demurred. The court sustained both demurrers on the ground of the plaintiff's contributory negligence. In ruling on the demurrers the court said:

"The Court . . . it seems to me that the construction of this thing is in Paragraph 6 of the plaintiff's petition where he alleges: 'That said explosion was caused by the concurrent negligence of defendants in that during the month of December, 1954, defendant Homer, acting as an independent contractor, through his agent and employee, William D. Homer, dug a sewer service trench from said sewer main to plaintiff's said houses with a power machine known as a backhoe. That in so doing, said William D. Homer negligently caught said back hoe on said gas main, thereby breaking said gas main at a point in the alley near plaintiff's said houses.' Now, that is the theory upon which the plaintiff drafted his petition and his alleged facts here and was the theory upon which he introduced his evidence. And it seems to the Court that if that is the fact, that the plaintiff Webster stood there according to his own testimony and saw exactly what happened. That is in conformity with the petition and the testimony of the plaintiff himself and the other testimony, and under those conditions it is the opinion of the Court that the plaintiff failed to use the ordinary care and did not exercise the diligence that a prudent person should have exercised and that the demurrer in each instance, of the Kansas Power and Light Company and of the defendant Homer will be sustained."

On direct examination the plaintiff testified that he engaged the defendant, W. O. Homer, to dig trenches necessary to connect laterals from his new houses to the sewer main. Homer put a backhoe on the job with his brother as operator.

"Q. Now, as he dug, you watched him, did you?
"A. I was there the first part of the time while he was digging.

"Q. During the time you were watching, did you see his back hoe strike anything?

"A. I wouldn't say it struck it, I would say it come in contact with the gas pipe.

"Q. With what?

"A. It came in contact with the gas pipe."

.     .     .     .     .     .     .     .     .     .     .

"Q. At any time during the period that he was working there, did you give him directions as to how to handle his machine?

"A. I did not."

On re-direct examination the plaintiff testified:

"Q. Did the impact or the contact of the back hoe with the pipe, was it such that to lead you to believe that it had broken the pipe?

"A. That, I couldn't say. It could have. Might have not have. I wouldn't say."

The plaintiff also testified that he did not notify the Kansas Power and Light Company any time before the explosion.

There is considerable testimony in the record by the plaintiff and others, on both direct and cross-examination, relating to this occurrence. The gas main was fully exposed. The force of the backhoe left marks on it and bent it slightly. A neighbor across the alley testified that the gas pipe from the meter to the stove in her house ran underneath the kitchen floor and that "it suddenly flew up and made a loud noise against the kitchen floor." Shortly afterward plaintiff's tenants complained of the odor of gas. The plaintiff notified the power company of these complaints. It inspected the premises and appliances. However, it did not check the main and plaintiff did not advise the power company at any time that the backhoe had come in contact with it.

Was the court correct in deciding that the plaintiff was contributorily negligent as a matter of law in failing to notify the power company?

When tested by a demurrer, it is the well established rule in this state that a plaintiff's contributory negligence is a question which must be submitted to a jury if the facts are such that reasonable minds might reach different conclusions thereon. (*Tuggle v. Cathers*, 174 Kan. 122, 254 P. 2d 807; *Lawrence v. Kansas Power & Light Co.*, 167 Kan. 45, 204 P. 2d 752.)

Of course, in ruling upon a demurrer to his evidence the plaintiff is entitled to the benefit of all inferences and to have his evidence considered in the most favorable light. (*Kendrick v. Atchison, T.*

& S. F. Rld. Co., 182 Kan. 249, 320 P. 2d 1061, and authorities cited therein.)

These rules of law must be applied in relation to another one equally well established. Mere knowledge of the danger of doing a certain act without a full appreciation of the risk involved is not sufficient to preclude a plaintiff from recovery even though there may be added to the knowledge of danger a comprehension of some risk. Moreover, knowledge of the offending instrumentality does not constitute contributory negligence as a matter of law. (*Bradley v. Allis Hotel Co.*, 153 Kan. 166, 109 P. 2d 165; *Wainscott v. Carlson Construction Co.*, 179 Kan. 410, 295 P. 2d 649.)

Did the plaintiff here have a full appreciation of the risk involved in not notifying the power company that the backhoe had struck the gas main? Under all the plaintiff's evidence reasonable minds might well reach different conclusions in answering this question.

In an analogous case on the facts (*D'Entremont v. Boston Consolidated Gas Co.*, 320 Mass. 582, 70 N. E. 2d 700) the court held that the plaintiff was not guilty of contributory negligence as a matter of law and that the question was for the jury. In that case illuminating gas entered the plaintiff's apartment by reason of a defective connection in a meter under the gas company's control. The plaintiff became ill and sued the gas company. The court said:

"We think that the foregoing facts warranted a finding that illuminating gas entered the plaintiff's apartment by reason of a defective connection in a meter under the defendant's control which in the exercise of reasonable care and diligence it might have remedied before it did. *Hunt v. Lowell Gas Light Co.*, 3 Allen, 418, 419. *Ferguson v. Boston Gas Light Co.*, 170 Mass. 182. *Soulier v. Fall River Gas Works Co.*, 224 Mass. 53. *Powers v. Wakefield*, 231 Mass. 565. *Barbeau v. Buzzards Bay Gas Co.*, 308 Mass. 245, 247-248. The plaintiff, after discovering the presence of gas in her apartment, could not sit by doing nothing and then hold the defendant responsible for the consequences of a condition of which it had no knowledge. *Hunt v. Lowell Gas Light Co.*, 1 Allen, 343, 348-350. But it could not be ruled as matter of law that the plaintiff was guilty of contributory negligence. Whether she acted with reasonable diligence in bringing the matter to the attention of the defendant and took proper precautions for her own safety were questions of fact for the jury." (pp. 583, 584.)

For a similar case with a contrary result see *Miss. Public Serv. Co. v. Bassett*, 184 Miss. 6, 184 So. 419.

Weighing all the plaintiff's evidence in the light of the above rules we are of the opinion that the question of the plaintiff's contributory negligence was a matter for the jury and the court erred

in sustaining the demurrers on the ground that he was guilty of contributory negligence as a matter of law.

The judgment is reversed.

PARKER, C. J., PRICE and HALL, JJ., dissenting.