Robert PALMER, a minor, By and Through his Next Friend, Ruby E. Palmer, and Ruby E. Palmer, Individually, as heirs at law of Robert J. Palmer, Deceased,

and

Ruby E. Palmer, as Administratrix of the Estate of Robert J. Palmer, Deceased, Plaintiffs-Appellees,

v.

FORD MOTOR COMPANY, Defendant-Appellant.

No. 73–1653.

United States Court of Appeals, Tenth Circuit.

Argued March 22, 1974.

Decided June 24, 1974.

Payne H. Ratner, Jr., Wichita, Kan. (Murvyl M. Sullinger, Pittsburgh, Kan., and Ratner, Mattox, Ratner, Ratner & Barnes, Wichita, Kan., were with him on the brief), for plaintiffs-appellees.

Don B. Roberson, Kansas City, Mo. (Richard W. Noble and Shughart, Thomson & Kilroy, Kansas City, Mo., of counsel, were with him on the brief), for defendant-appellant.

Before BREITENSTEIN, BARRETT and DOYLE, Circuit Judges.

BREITENSTEIN, Circuit Judge.

This is a products liability case with diversity jurisdiction. Plaintiffs' claim rests on negligence and breach of implied warranties of merchantability and fitness. The jury verdict was in favor of the plaintiffs. The defendant's appeal contends that the district court erred in denying its motions for a 12-man jury and for a directed verdict. We affirm.

A business enterprise owned and operated by plaintiffs' decedent bought in 1968 a new Ford truck manufactured by defendant. Beginning soon after the purchase and continuing until shortly before the fatal accident, decedent and other drivers of the truck complained of severe steering problems. Numerous complaints were made to the local dealer who sold the truck. In August, 1969, decedent was in a one-vehicle accident caused by steering troubles. Afterwards the problems persisted despite attempts by the dealer to correct them. On October 15, 1970, decedent had another one-vehicle accident with the truck in Kansas and his death resulted. Defendant manufacturer does not challenge the sufficiency of the evidence to sustain the verdict and does not claim any error in the jury instructions. Its argument is that decedent was aware of the steering defect and unreasonably encountered a known danger. This conduct is said to prevent recovery as a matter of law, and to entitle defendant to a directed verdict.

■■ The applicable substantive law of Kansas is controlling in this diversity suit. In that state unreasonable use of a product after awareness of danger is a defense both to a claim of negligence and a claim of breach of implied warranties. Bereman v. Burdolski, 204 Kan. 162, 460 P.2d 567, 573. The controlling factor is causation. Ibid. The labelling of the defense as contributory negligence or as assumption of risk is not determinative. Ibid. The question of causation, as a matter of either defense or of burden of proof, is one for resolution by the jury in the absence of conclusive proof that makes only one result possible. Webster v. Kansas Power & Light Company, 182 Kan. 626, 323 P.2d 643, 645; see also Kirsch v. Dondlinger & Sons Construction Company, 206 Kan. 701, 482 P.2d 10, 13, 15; and Abston v. Medora Grain, Inc., 206 Kan. 727, 482 P.2d 692, 698.

■ In a diversity case, the sufficiency of the evidence to take the case to the jury is a question of federal law. Kiner v. Northcutt, 10 Cir., 424 F.2d 222, 223. Under federal law "a verdict may not be directed unless the evidence points all one way and is susceptible of no reasonable inferences which sustain the position of the party against whom the motion is made." Christopherson v. Humphrey, 10 Cir., 366 F.2d 323, 326; see also Sutton v. Anderson, Clayton & Company, 10 Cir., 448 F.2d 293, 295. In the case at bar, the evidence was such that reasonable men might well differ on the question of whether decedent's awareness of the steering defect and his continued use of the truck was the proximate cause of the accident. Accordingly, the issue is not a question of law but rather a question of fact for jury determination. The motion for directed verdict was properly denied.

The district court rejected defendant's request for a 12-man jury, and the trial

954

proceeded before a jury of six. Defendant argues that this action deprived it of a substantive right to which it was entitled under Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, and the Kansas constitution.

The bill of rights of the Kansas constitution provides in its § 5 that: "The right of trial by jury shall be inviolate." Section 60–238 of the Kansas Rules of Civil Procedure restates this principle but permits waiver of jury trial. Section 60–239 provides that in specified circumstances the parties or the court may permit the case to proceed without a jury. Section 60–248(a) provides that the parties may stipulate for a jury of less than 12. The Rules of Civil Procedure were enacted by the Kansas legislature.

The Kansas Supreme Court originally held, in a felony prosecution, that the state's constitution compelled a 12-man jury as a matter of substantive public policy which a defendant could not waive. State v. Simons, 61 Kan. 752, 60 P. 1052; see also State v. Wells, 69 Kan. 792, 77 P. 547. Later the court held that a felony defendant could waive his right to a jury of 12. State v. Scott, 156 Kan. 11, 131 P.2d 664, 666–668. Therein the court said that a jury trial was for a defendant's protection rather than a part of the judicial institution, and that because a defendant can waive a jury trial altogether, he can agree to a trial by a jury of less than 12. Ibid.

■ In Bourne v. Atchison, Topeka and Santa Fe Railway Company, 209 Kan. 511, 497 P.2d 110, defendant requested a 12-man jury in a civil case and the trial court denied the request on the basis of a local court rule. The state supreme court noted that no state constitutional or statutory provision compelled a certain size for civil juries. The court said that, although the right to a jury trial was a substantial personal right, the legislature was free to regulate jury size and had done so in § 60–248(a). 497 P.2d at 114. The court did not overthrow the local rule, but said that the trial court acted improperly in

compelling the use of a 6-man jury in the absence of a stipulation to that effect. 497 P.2d at 116. The mentioned decisions convince us that in Kansas the right to a 12-man jury is not a matter of substantive law but is subject to regulation by the legislature, the local courts, and the parties to the specific case.

The Kansas decisions are in line with federal decisions which treat jury size as less than substantive. In Williams v. Florida, 399 U.S. 78, 103, 90 S.Ct. 1893, 26 L.Ed.2d 446, the Supreme Court held that a felony defendant's Sixth Amendment rights, as applied to the states through the Fourteenth Amendment, were not violated by a Florida law providing for a 6-man, rather than a 12-man, jury. Colgrove v. Battin, 413 U.S. 149, 93 S.Ct. 2448, 37 L.Ed.2d 522, upheld a local federal court rule that a jury for the trial of civil cases shall consist of six. The Court said that a jury of six satisfies the Seventh Amendment's guarantee of a trial by jury in civil cases, 413 U.S. at 160, 93 S.Ct. 2448, and that Rule 48, F.R.Civ.P., did not prevent local court rules providing for civil juries of reduced size. 413 U.S. at 164, 93 S.Ct. 2448. Local Rule 17A of the United States District Court for the District of Kansas provides for 6-man juries in civil cases.

■ We conclude that the right to a 12-man jury is not a matter of substantive law. However, Colgrove v. Battin, supra, is not dispositive of our question because that decision did not involve a situation wherein a state supreme court had interpreted the constitution, statutes, and rules of that state as proscribing a civil jury of less than 12 members in the absence of a stipulation to that effect. See 497 P.2d at 116. Our conclusion that the right is not substantive does not dispose of the issue because consideration must be given to the principles announced in Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. In applying Erie the Supreme Court has declined to be governed by abstractions regarding sub-

stance and procedure, Guaranty Trust Co. v. York, 326 U.S. 99, 108–109, 65 S.Ct. 1464, 89 L.Ed. 2079, and has said that "[t]he line between 'substance' and 'procedure' shifts as the legal context changes." Hanna v. Plumer, 380 U.S. 460, 471, 85 S.Ct. 1136, 1144, 14 L.Ed.2d 8. The Erie issue requires consideration of several factors.

The first is whether the state rule is so "bound up" with the state created rights and obligations in question that application of the rule is required in federal courts. Byrd v. Blue Ridge Electric Cooperative, Inc., 356 U.S. 525, 535, 78 S.Ct. 893, 2 L.Ed.2d 953; see also Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 533, 69 S.Ct. 1233, 93 L.Ed. 1520, and Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 555–556, 69 S.Ct. 1221, 93 L.Ed. 1528. The Kansas rule on jury size is not an integral part of the state created rights at issue here. Unlike Ragan, 337 U.S. 530, 69 S.Ct. 1233, where the state rule in question actually determined the existence of a state cause of action, and Cohen, 337 U.S. 541, 69 S.Ct. 1221, where there was a close connection between the state rule and the state cause of action, the Kansas rule on jury size affects only the means or manner of recovery. The Kansas Supreme Court has said that no constitutional or statutory provision compels a certain size for civil juries. Bourne, 497 P.2d at 112.

Next is the question of whether disregard of the state rule will "substantially affect the enforcement of the right as given by the State." York, 326 U.S. at 108–109, 65 S.Ct. at 1470. The outcome of the litigation will not be substantially different when the jury has six, rather than 12, members. Colgrove v. Battin, 413 U.S. at 157, 93 S.Ct. 2448, and Williams v. Florida, 399 U.S. at 100–101, 90 S.Ct. 1893.

Another factor is whether the state rule infringes on an essential characteristic or function of the federal system. Byrd, 356 U.S. at 537–539, 78 S.Ct. 893. The Seventh Amendment is an essential part of the federal system. The Su-

preme Court has held that juries of less than 12 may be used in civil cases without violating that amendment. Colgrove, 413 U.S. at 160, 93 S.Ct. 2448. Application of the Kansas rule to require a jury of 12 would infringe on the functions and characteristics of the federal system. It is of no import whether the state rule derives from statute, Byrd, 356 U.S. 525, 78 S.Ct. 893, or from a state constitutional provision, Herron v. Southern Pacific Company, 283 U.S. 91, 94, 51 S.Ct. 383, 75 L.Ed. 857.

We come then to the question of whether the Erie policies would be frustrated by disregard of the state rule. Hanna v. Plumer says that the twin aims of Erie were "discouragement of forum-shopping and avoidance of inequitable administration of the laws." 380 U.S. at 468, 85 S.Ct. at 1142. Colgrove points out, 413 U.S. at 159–160, 93 S.Ct. at 2454 n. 15, that commentators differ on the effect of 6-man juries. In Colgrove, 413 U.S. at 157, 93 S.Ct. at 2453, the Court said that nothing had been suggested to change the holding in Williams, 399 U.S. at 100–101, 90 S.Ct. at 1906, which rejected the notion that "reliability of the jury as a factfinder * * * [is] a function of its size." Accordingly, forum-shopping and inequitable administration of the laws will not result from nonenforcement of the state rule. Indeed, the effect at the most is "nonsubstantial," and not determinative. Hanna, 380 U.S. at 468–469, 85 S.Ct. 1136.

Finally, there is the question of whether one of the Federal Rules of Civil Procedure controls the situation. If so, federal district courts cannot disregard the federal rules. Hanna v. Plumer, 380 U.S. at 471, 85 S.Ct. 1136. Rule 48, F.R.Civ.P., provides that "[t]he parties may stipulate that the jury shall consist of any number less than twelve * * *." Quoting from Cooley v. Strickland Transportation Co., 5 Cir., 459 F.2d 779, 784, cert. denied 413 U.S. 923, 93 S.Ct. 3069, 37 L.Ed.2d 1045, the Court said in Colgrove that Rule 48

" 'does not purport to prevent *court rules* which provide for civil juries of reduced size.' " 413 U.S. at 164, 93 S. Ct. at 2457. The local rule of the federal district court in Kansas provides for civil juries of six. In our opinion the district court properly applied its own rule.

Affirmed.