**Albert YORK and Darlene York, his wife, Plaintiffs,**

v.

**Charles ADAMS, Individually and trading and doing business as Adams Silo Repair and Adams Silo Repair, Defendants.**

Civ. A. No. 77–1062.

United States District Court,
W. D. Pennsylvania.

July 3, 1978.

Daniel M. Berger, Berger, Kapetan & Malakoff, Pittsburgh, Pa., for plaintiffs.

Daniel J. Weis, Weis & Weis, Pittsburgh, Pa., for defendants.

## OPINION

ZIEGLER, District Judge.

### I. *History of Case*

This is a diversity action for compensatory damages arising out of a motor vehicle collision which occurred on the Pennsylvania turnpike on January 4, 1976. An automobile operated by plaintiff, Albert York, was struck in the rear by a truck operated by defendant, Charles Adams, in the east bound lane of travel in Bedford County, Pennsylvania. On June 8, 1978, a jury returned a verdict for the husband-plaintiff in the sum of $20,000.[1]

Defendant filed a post-trial Motion for New Trial, pursuant to Rule 59, contending the trial judge erred in allegedly permitting Dr. Christopher Terrence to testify beyond the scope of a medical report which plaintiffs attached to their supplemental pre-trial statement and, as a result, the verdict of the jury was excessive. We have carefully reviewed the sole contention of able counsel and the testimony of the physician in question. We find the argument to be without merit, and the Motion for New Trial must be denied.

### II. *Discussion*

The record reveals the parties filed pre-trial statements and attached the reports of expert witnesses as required by Local Rule 5(II). Thereafter, plaintiffs filed a supplemental pre-trial statement containing the report of Dr. Christopher F. Terrence and reserved the right to call the physician as a witness at trial. In his report, Dr. Terrence opined that, after reviewing the records of the various treating physicians, the numbness of the lip and the drooling condition were caused by the crush injuries and trauma to the lip sustained in the collision. At trial, Dr. Terrence testified that he had examined plaintiff the previous evening in preparation for trial. His testimony was essentially the same as the written report, with one exception. He corroborated plaintiff's pre-trial complaint with respect to a "change in taste" secondary to the injuries suffered in the accident. Defendant objected to this evidence claiming that the witness's remarks went beyond the scope of his report and, therefore, must be excluded under Local Rules 5IIC(2)(a)[2] and 5II(G).[3] The trial judge overruled the objection and permitted the doctor to testify concerning the alleged sensory abridgment.

Plaintiffs complied with all pre-trial rules of this court. Counsel attached a report from Dr. Terrence to the pre-trial narrative statement and reserved the right to call the doctor as a damage witness. The only error now advanced relates to the admission of the physician's testimony insofar as it corroborates the "change in taste" complaint of the husband-plaintiff.

▮ In our judgment, defendant's argument must be rejected for a number of reasons. First, the admission of the challenged portion of the evidence did not introduce a new element of damage into the

---

1. The triers of fact returned a verdict for defendant on the claim of the wife-plaintiff for loss of consortium. The verdict is not inconsistent for the jury's findings are supported by sufficient evidence. Moreover, defendant does not contend that the verdict for the husband-plaintiff is corrupted by the jury's finding relative to the claim of Darlene York.

2. Local Rule 5IIC(2)(a) of the U.S. District Court for the Western District of Pennsylvania provides that a copy of "all reports containing findings or conclusions of any physician who has treated, examined, or has been consulted in connection with the injuries complained of and whom a party expects to call as a witness at the trial of the case" must be attached to plaintiff's pre-trial narrative statement and, if such production is not made, the testimony of said physician must be excluded at trial.

3. Local Rule 5II(G) provides in part:
   "Failure to fully disclose in the pretrial narrative statement or at the pretrial conference the substance of the evidence as to liability, defenses, and damages proposed to be offered at the trial, will result in exclusion of that evidence at the trial. . . ."

case. Plaintiffs included the "change in taste" claim as an item of compensatory damages in their pre-trial narrative statement. Secondly, the admission of the testimony did not constitute surprise or impede defendant's opportunity to rebut that segment of York's alleged injuries. Defendant's expert witness, Dr. William S. Garrett, examined the husband-claimant prior to trial. He testified that York's complaints were inconsistent with his physical findings, and unrelated to the incident. Lastly, it is clear that after viewing the entire record of this case, plaintiff's chief complaint and primary element of damage was the humiliation and embarrassment caused by the drooling problem which resulted from the injuries to his lip. It is a continuing and permanent condition which plaintiff stressed in his testimony, and counsel emphasized in their summations to the jury.

A question of fact was presented to the jury by the conflicting testimony of the medical experts. The jury believed the evidence adduced by York and we perceive no reason to disturb that result. The monetary damages awarded in this case are fair and reasonable, if one accepts the contentions of plaintiffs. Under the circumstances of this case, we are not privileged to substitute our judgment for that of the fact-finders. Moreover, even if the admission of the testimony of Dr. Terrence concerning the "change of taste" was erroneous, it was harmless error. Rule 61 of the Federal Rules of Civil Procedure states in part:

> "Harmless Error. No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial . ., unless refusal to take such action appears to the court inconsistent with *substantial justice*. The court at every stage of the proceeding must disregard any error or defect in the proceedings which does not affect the *substantial right* of the parties." Fed.R.Civ.P. No. 61. (emphasis added).

Under this rule, technical errors or defects which do not affect the rights of a party are deemed to be "harmless errors." *Kotteakos v. U. S.*, 328 U.S. 750, 760, 66 S.Ct. 1239, 90 L.Ed. 1557 (1945). In making this determination, the court should consider the entire record before it and all the circumstances of the particular case. *Id.* at 762, 66 S.Ct. 1239; Wright & Miller, Federal Practice and Procedure: Civil § 2881, at 271 (1973). Only if the court finds, after a review of the entire record, the alleged error affected substantial rights of the parties will a new trial be ordered; otherwise, it is harmless error and must be disregarded. *Harkins v. Ford Motor Co.*, 437 F.2d 276, 278 (3d Cir. 1970).

After a review of all the circumstances surrounding the disputed testimony in this case, the court is satisfied that, if an error was committed in the admission of the testimony, the error was harmless and does not require a new trial. Defendant's Motion for New Trial must be denied. An appropriate order will follow.