Sheila MASINO and Gerald Masino

v.

**OUTBOARD MARINE CORPORATION
and OMC–Lincoln.**

Civ. A. No. 79–2465.

United States District Court,
E. D. Pennsylvania,
Civil Division.

Oct. 27, 1980.

Joseph D. Shein, Cary L. Sandler, Shein & Brookman, P. A., Philadelphia, Pa., for plaintiffs.

George J. Lavin, Jr., Gary A. Wolensky, William V. Coleman, Liebert, Short, Fitzpatrick & Lavin, Philadelphia, Pa., for defendants.

## MEMORANDUM OF DECISION

McGLYNN, District Judge.

The question presently before the court is whether, in a civil action where the jurisdiction of the United States District Court is based upon diversity of citizenship between the parties, the court is required to apply a state law prescribing that a five–sixths majority of jurors shall constitute the verdict

of the jury instead of the federal rule requiring that jury verdicts be unanimous.

## I. FACTS

On August 19, 1977, plaintiff, Sheila Masino, was operating her Lawn–Boy lawnmower when she reached into the chute which discharges the cut grass and came into contact with the mower's moving blade causing serious injuries to her hand. Mrs. Masino and her husband instituted this action against the manufacturer and distributor of the lawnmower alleging that defendants were liable for Mrs. Masino's injuries under theories of negligence, strict liability in tort, and breach of warranty. Jurisdiction of the case was founded upon diversity of citizenship between the parties. *See* 28 U.S.C. § 1332 (1977).

■ On May 15, 1980, after a three day trial, a jury of eight[1] rendered a unanimous verdict in favor of the defendants. Plaintiffs have filed this present motion for a new trial pursuant to Federal Rule of Civil Procedure 59. The plaintiffs' sole argument in support of their motion is that the court erred in charging the jury that their verdict had to be unanimous, instead of instructing them in accordance with the five–sixths majority verdict rule mandated by Pennsylvania law[2] as requested by plaintiffs. Plaintiffs contend that under the teaching of *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), and its progeny,[3] the court was bound to apply the Pennsylvania majority verdict rule to this diversity action.

## II. THE UNANIMOUS VERDICT REQUIREMENT IN FEDERAL COURTS

■ Since the creation of the federal judicial system, federal courts have always required that a jury verdict be unanimous. *Johnson v. Louisiana*, 406 U.S. 356, 382–83, 92 S.Ct. 1620, 1644, 32 L.Ed.2d 152 (1972) (Douglas, J., dissenting); *American Publishing Co. v. Fisher*, 166 U.S. 464, 468, 17 S.Ct. 618, 619, 41 L.Ed. 1079 (1897). Mr. Justice Powell has given the following justification for the unanimity requirement in federal courts:

In an unbroken line of cases reaching back into the late 1800's, the Justices of this Court have recognized, virtually without dissent, that unanimity is one of the indispensible features of *federal* jury trial. In these cases, the Court has presumed that unanimous verdicts are essential in federal jury trials, not because unanimity is necessarily fundamental to the function performed by the jury, but because that result is mandated by history.

*Johnson v. Louisiana*, 406 U.S. 356, 369, 92 S.Ct. 1620, 1637, 32 L.Ed.2d 152 (1972) (concurring opinion) (citations omitted). Justice Powell, citing *American Publishing Co. v. Fisher*, 166 U.S. 464, 17 S.Ct. 618, 41 L.Ed. 1079 (1897), made it clear that this historical requirement of unanimous jury verdicts in federal courts applies not only to criminal trials, but also to civil cases. 406 U.S. at 369 n.5, 92 S.Ct. at 1637 n.5. In *American*

---

1. Local Rule 29½ (now Rule 34) of the United States District Court for the Eastern District of Pennsylvania, which was in effect at the time of the trial of the instant case, provides that "juries in civil cases shall consist, initially, of eight (8) members. Trials in such cases shall continue so long as at least six (6) jurors remain in service." Our local rules do not address the question of whether the jury's verdict must be unanimous.

2. The Pennsylvania Judicial Code provides that "[i]n any civil case a verdict rendered by at least five–sixths of the jury shall be the verdict of the jury and shall have the same effect as a unanimous verdict of the jury." 42 Pa.Cons. Stat.Ann. § 5104(b) (Purdon Supp.1980).

It is of no significance when a federal court is deciding whether to apply a federal law or a state law that the state rule is derived from a statute or from a state constitutional provision rather than being a court rule of civil procedure. *Palmer v. Ford Motor Co.*, 498 F.2d 952, 955 (10th Cir. 1974).

3. *E. g.*, *Walker v. Armco Steel Corp.*, 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980); *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965); *Byrd v. Blue Ridge Rural Electric Cooperative, Inc.*, 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953 (1958); *Guaranty Trust Co. v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945).

*Publishing,* the Supreme Court held that the Seventh Amendment to the United States Constitution requires a unanimous jury verdict in civil cases brought in the courts of federal territories. The Court stated:

Now unanimity was one of the peculiar and essential features of trial by jury at the common law. No authorities are needed to sustain this proposition. Whatever may be true as to legislation which changes any more details of a jury trial, it is clear that a statute which destroys this substantial and essential feature thereof is one abridging the right.

166 U.S. at 467, 17 S.Ct. at 619. *Accord, Springville City v. Thomas,* 166 U.S. 707, 17 S.Ct. 717, 41 L.Ed. 1172 (1897).

Recently, the Supreme Court has modified the position it took in the *American Publishing* case. Since that decision, many state courts have abandoned the unanimous verdict rule and have required only a majority of jurors to reach a verdict. The court has held that in criminal cases that are tried in state courts, a unanimous jury verdict is not required by the due process clause of the Fourteenth Amendment, *Johnson v. Louisiana,* 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972), or by the Sixth Amendment. *Apodaca v. Oregon,* 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972). However, when the state provides a jury of only six members in a criminal case, the verdict must be a unanimous one. *Burch v. Louisiana,* 441 U.S. 130, 99 S.Ct. 1623, 60 L.Ed.2d 96 (1979). These cases, however, have addressed only the issue of unanimous verdicts in *state criminal* trials, although they can be interpreted as also permitting *states* to utilize majority jury verdicts in civil cases. *See Cooley v. Strickland Transportation Co.,* 459 F.2d 779, 781 (5th Cir.), *cert. denied,* 413 U.S. 923, 93 S.Ct. 3069, 37 L.Ed.2d 1045 (1972). However, as Justice Powell emphasized in *Johnson v. Louisiana,*

406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972), these decisions have not eliminated the requirement that in *federal* courts a jury verdict must be unanimous. *Id.* at 369–71, 92 S.Ct. at 1637 (concurring opinion). *See also Colgrove v. Battin,* 413 U.S. 149, 169–70, 93 S.Ct. 2448, 2459, 37 L.Ed.2d 522 (1973) (Marshall, J., dissenting).

■ The long–standing commitment to unanimous jury verdicts in the federal courts has been recognized in Rule 48 of the Federal Rules of Civil Procedure which provides:

The parties may stipulate that the jury shall consist of any number less than twelve or that a verdict or a finding of a stated majority of the jurors shall be taken as the verdict or finding of the jury.

Implicit in the Rule is that unless otherwise stipulated by the parties, a jury verdict in the federal courts must be unanimous.[4] *Fox v. United States,* 417 F.2d 84, 89 (5th Cir. 1969). *See also Winsby v. John Oster Manufacturing Co.,* 336 F.Supp. 663, 664 (W.D.Pa.1972), *aff'd,* 482 F.2d 276 (3d Cir. 1973).

## III. WHETHER STATE OR FEDERAL LAW GOVERNS

### A. *Hanna v. Plumer*

In *Erie Railroad Co. v. Tompkins,* 304 U.S. 641, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), the Supreme Court held that a federal district court in a diversity action must apply the substantive law of the state in which it sits. *See Lynne Carol Fashions, Inc. v. Cranston Print Works Co.,* 453 F.2d 1177, 1179 (3d Cir. 1972). In *Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), however, the Supreme Court expressly held that when the disputed point of law is addressed by the Federal Rules of Civil Procedure, the *Erie* line of cases are not applicable and the court has no freedom

---

**4.** The most likely reason why Rule 48 is not explicit in requiring unanimous verdicts is because the draftsmen of the Rules probably never thought it necessary to codify the unanimity requirement. As Justice Douglas has stated, "The unanimous jury has been so embedded in

our legal history that no one would question its constitutional position and thus there was never any need to codify it." *Johnson v. Louisiana,* 406 U.S. 356, 382 n.1, 92 S.Ct. 1620, 1644 n.1, 32 L.Ed.2d 152 (1972) (dissenting opinion).

to choose between the state or federal law; it must follow the procedure established by the Federal Rules. The court stated the following:

> There is, however, a more fundamental flaw in respondent's syllogism: the incorrect assumption that the rule of *Erie R. Co. v. Tompkins* constitutes the appropriate test of the validity and therefore the applicability of a Federal Rule of Civil Procedure. The *Erie* rule has never been invoked to void a Federal Rule. It is true that there have been cases where this Court has held applicable a state rule in the face of an argument that the situation was governed by one of the Federal Rules. But the holding of each such case was not that Erie commanded displacement of a Federal Rule by an inconsistent state rule, but rather that the scope of the Federal Rule was not as broad as the losing party urged, and therefore, there being no Federal Rule which covered the point in dispute, Erie commanded the enforcement of state law.

> .    .    .    .    .

> . . . When a situation is covered by one of the Federal Rules, the question facing the court is a far cry from the typical, relatively unguided Erie choice: the court has been instructed to apply the Federal Rule, and can refuse to do so only if the Advisory Committee, this Court, and Congress erred in their prima facie judgment that the Rule in question transgresses neither the terms of the Enabling Act nor constitutional restrictions.

380 U.S. at 469–71, 85 S.Ct. at 1142–44 (footnotes omitted). Thus, *Hanna* states "that there no longer is an *Erie* problem on matters covered by the Civil Rules. If the rule is valid, and if it applies to the case, it is controlling, and no regard need be paid to contrary state provisions." C. Wright, Handbook of the Law of Federal Courts § 59, at 276 (3d ed. 1976).

The question we must therefore answer is whether the scope of Rule 48 of the Federal Rules is "sufficiently broad to control the issue before the Court. It is only if that question is answered affirmatively that the Hanna analysis applies." *Walker v. Armco Steel Corp.,* 446 U.S. 740, 749–50, 100 S.Ct. 1978, 1984, 64 L.Ed.2d 659, 667 (1980). We hold that the scope of Rule 48 is broad enough to control the disputed point regarding the number of jurors needed to reach a verdict. As mentioned earlier, Rule 48 implicitly mandates that unless otherwise stipulated by the parties to the lawsuit, the verdict in a civil case brought in federal court must be unanimous. *Fox v. United States,* 417 F.2d 84, 89 (5th Cir. 1969). Therefore, under the rule stated in *Hanna v. Plumer,* a federal court is required to charge the jury that their verdict must be unanimous unless it finds that the Rules Advisory Committee, the Supreme Court, and Congress "erred in their prima facie judgment" that Rule 48 "transgresses neither the terms of the Enabling Act nor constitutional restrictions." 380 U.S. at 471, 85 S.Ct. at 1144. The Rules Enabling Act, 28 U.S.C. § 2072 (1977), gives the Supreme Court the power to prescribe procedural rules for the district courts in civil actions, but provides that such rules shall not modify any substantive right. The requirement of a unanimous verdict embodied in Rule 48 is within the ambit of the Enabling Act. The application of the rule to the plaintiffs will not affect their substantive rights and the rule is within the constitutional power of the legislative and judicial branches of the federal government. *See Platis v. Stockwell,* 630 F.2d 1202 (7th Cir. 1980).

Plaintiffs, however, argue that unanimous verdicts are not mandated by Rule 48. In support of their contention, they rely upon *Wieser v. Chrysler Motors Corp.,* 69 F.R.D. 97, 101 (E.D.N.Y.1975), in which the court held that there is no longer any federal procedural rule dictating jury unanimity in federal civil trials. The *Wieser* court cited *Colgrove v. Battin,* 413 U.S. 149, 93 S.Ct. 2448, 37 L.Ed.2d 522 (1973), as support for this proposition. In *Colgrove,* five members of the Court held that a local federal district court rule, which provided that a jury for the trial of civil cases shall consist of six persons, did not conflict with

the Seventh Amendment. The Court also ruled that the local rule was not inconsistent with Rule 48, stating that Rule 48 could not be read as implying "a direction to impanel a jury of 12 in the absence of a stipulation of the parties for a lesser number." *Id.* at 163, 93 S.Ct. at 2456. The court in *Wieser* reasoned that since the Supreme Court held that Rule 48 does not require a twelve–man jury then it can be inferred that the rule also does not mandate unanimous jury verdicts in federal courts.

We cannot accept *Wieser's* broad reading of the *Colgrove* case. The Supreme Court in *Colgrove* only addressed the narrow issue of whether district courts could provide in their local rules for a six–man jury in civil cases. The Court was not presented with the question of whether there must be unanimous agreement among jurors in order to render a verdict in federal civil trials. The Justices in no way intimated that unanimous jury verdicts, which have been utilized in federal courts for almost 200 years, are not required by the Federal Rules of Civil Procedure. We do not believe that *Colgrove* can be read as an abandonment of the long–held federal rule requiring unanimous verdicts.

The Supreme Court has held that the Federal Rules should not be narrowly construed by a court when deciding whether to apply one of them rather than a contrary provision of state law. In *Walker v. Armco Steel Corp.,* 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980), the Court stated the following:

[T]he Federal Rules of Civil Procedure are [not] to be narrowly construed in order to avoid a "direct collision" with state law. The Federal Rules should be given their plain meaning. If a direct collision with state law arises from that plain meaning, then the analysis in *Hanna v. Plumer* applies.

Id. at 750 n.9, 100 S.Ct. at 1985 n.9, 64 L.Ed.2d at 667 n.9. The "plain meaning" of Rule 48 is that in the absence of a stipulation by the parties, a jury verdict must be unanimous in federal courts. *Fox v. United States,* 417 F.2d 84, 89 (5th Cir. 1969).

Therefore, according to the rule of *Hanna v. Plumer,* it was not error to instruct the jury in the present case that their verdict had to be unanimous.

B.  *The Erie Choice*

The Court in *Hanna* stated that when no Federal Rule of Civil Procedure covers the disputed issue of law, the court must make "the typical, relatively unguided *Erie* choice." 380 U.S. at 471, 85 S.Ct. at 1144. Even if the *Wieser* court were correct in its holding that there is no federal procedural rule requiring unanimous jury verdicts, we still hold that this court is not required to apply the Pennsylvania majority verdict rule to diversity actions. The Supreme Court in the *Erie* case "held that federal courts sitting in diversity cases, when deciding questions of 'substantive' law, are bound by state court decisions as well as state statutes." *Hanna v. Plumer,* 380 U.S. 460, 465, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). As the Court in *Hanna* stated, "The broad command of *Erie*" is that in diversity actions "federal courts are to apply state substantive law and federal procedural law." *Id.*

■ We hold that the Pennsylvania majority verdict rule is not a matter of substantive law. "As a general rule, laws which fix duties, establish rights and responsibilities among and for persons, natural or otherwise, are 'substantive laws' in character, while those which merely prescribe the manner in which such rights and responsibilities may be exercised and enforced in a court are 'procedural laws'." Black's Law Dictionary 1083 (5th ed. 1079). The Pennsylvania law at issue here is procedural–it merely prescribes the "method of enforcing rights of obtaining redress for their invasion...." *Id. See also* Tunks, *Categorization and Federalism: "Substance" and "Procedure" After Erie Railroad v. Tompkins,* 34 Ill.L.Rev. 271, 277 (1939). In *Palmer v. Ford Motor Co.,* 498 F.2d 952 (10th Cir. 1974), the Court of Appeals held that a state law requiring a twelve–man jury in civil cases is not substantive and binding on a federal court that is presiding over a diversity action, and that

therefore the district court correctly applied its local rule requiring six–man juries rather than the state law. The Pennsylvania majority verdict rule is similar to the state law considered by the *Palmer* court. As in the *Palmer* case, the Pennsylvania law is not substantive, but rather procedural. *See also Wilson v. Nooter Corp.,* 475 F.2d 497 (1st Cir.), *cert. denied,* 414 U.S. 865, 94 S.Ct. 116, 38 L.Ed.2d 85 (1973).

Our conclusion that the Pennsylvania majority verdict rule is not substantive does not, however, dispose of the *Erie* problem before us. The Supreme Court has indicated that several other factors must be considered when deciding whether to apply federal or state law. *See Palmer v. Ford Motor Co.,* 498 F.2d 952, 954–56 (10th Cir. 1974); *U. S. Industries, Inc. v. Gregg,* 58 F.R.D. 469, 474–75 (D.Del.1973). The first is whether the state rule is so "bound up with . . . [state created] rights and obligations in such a way" that application of the rule is required in federal courts. *Byrd v. Blue Ridge Rural Electric Cooperative, Inc.,* 356 U.S. 525, 535, 78 S.Ct. 893, 899, 2 L.Ed.2d 953 (1958). *See also Walker v. Armco Steel Corp.,* 446 U.S. 740, 746, 100 S.Ct. 1978, 1983, 64 L.Ed.2d 659, 665 (1980); *Ragan v. Merchants Transfer and Warehouse Co.,* 337 U.S. 530, 533, 69 S.Ct. 1233, 1234, 93 L.Ed. 1520 (1949); *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 555–56, 69 S.Ct. 1221, 1229–30, 93 L.Ed. 1528 (1949). The Pennsylvania rule on jury verdicts is not an integral part of the state created rights at issue here. Unlike *Walker* or *Ragan,* in which the state rule in question actually determined the existence of a state cause of action, and *Cohen,* in which there was a close connection between the state rule and the state cause of action, the Pennsylvania jury verdict rule "affects only the means or manner of recovery." *Palmer v. Ford Motor Co.,* 498 F.2d 952, 955 (10th Cir. 1974).

The next consideration would be whether failure to follow the state rule would "be 'outcome determinative'–that is, would it so materially affect the character or result of the litigation as to cause forum shopping or inequitable administration of the laws . . . ."

*U. S. Industries, Inc. v. Gregg,* 58 F.R.D. 469, 474 (D.Del.1973); *Guaranty Trust Co. v. York,* 326 U.S. 99, 109, 65 S.Ct. 1464, 1470, 89 L.Ed. 2079 (1945). We do not believe that the outcome of the litigation will be substantially different if the jury is compelled to reach a unanimous verdict rather than permitting only a majority of jurors to reach a verdict. "Requiring unanimity would obviously produce hung juries in some situations where nonunanimous juries" would not, *Apodaca v. Oregon,* 406 U.S. 404, 411, 92 S.Ct. 1628, 1633, 32 L.Ed.2d 184 (1972), but this variation is not substantial enough to warrant application of state law. *Hanna v. Plumer,* 380 U.S. 460, 467–68, 85 S.Ct. 1136, 1141–42, 14 L.Ed.2d 8 (1965). In terms of the "function served by the jury in contemporary society", *see Apodaca v. Oregon,* 406 U.S. 404, 410, 92 S.Ct. 1628, 1632, 32 L.Ed.2d 184 (1972), the Supreme Court has said that there is no difference between juries required to act unanimously and those permitted to render a verdict by a mere majority vote. *Id.* at 411, 92 S.Ct. at 1633. Therefore, since the outcome of the litigation will not substantially differ whether the court applies the federal unanimous verdict rule or the Pennsylvania majority verdict law, we hold that forum–shopping and inequitable administration of the laws will not result from nonenforcement of the Pennsylvania rule.

The final factor to be examined is whether the state rule infringes on an "essential character or function" of the federal judicial system. *Byrd v. Blue Ridge Rural Electric Cooperative, Inc.,* 356 U.S. 525, 539, 78 S.Ct. 893, 901, 2 L.Ed.2d 953 (1958). As noted above, a unanimous jury is a time–honored and essential part of the federal system. The adoption of an inconsistent state rule in diversity cases "would infringe on the functions and characteristics of the federal system." *See Palmer v. Ford Motor Co.,* 498 F.2d 952, 955 (10th Cir. 1974); *Wilson v. Nooter Corp.,* 475 F.2d 497, 504 (1st Cir.), *cert. denied,* 414 U.S. 865, 94 S.Ct. 116, 38 L.Ed.2d 85 (1973). It would be "fortuitous and arbitrary" for civil litigants in the same federal court to be confronted with

different standards depending on whether their cause of action is denominated federal or state. *See Wilson v. Nooter Corp.*, 475 F.2d 497, 504 (1st Cir.), *cert. denied*, 414 U.S. 865, 94 S.Ct. 116, 38 L.Ed.2d 85 (1973).

For all the above reasons, we hold that under *Erie Railroad Co. v. Tompkins* and its progeny, the court was not required to apply the Pennsylvania majority verdict rule to this diversity action.

## IV. HARMLESS ERROR UNDER RULE 61

We further hold that even if the court did err in requiring the jury verdict to be unanimous, it was not prejudicial error.

Rule 61 of the Federal Rules of Civil Procedure provides the following:

> *Harmless Error.* No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial . . ., unless refusal to take such action appears to the court inconsistent with *substantial justice.* The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the *substantial rights* of the parties.

Fed.R.Civ.P. 61 (emphasis added). In *York v. Adams*, 79 F.R.D. 142 (W.D.Pa.1978), the court supplied an analysis of Rule 61 stating:

> Under this rule, technical errors or defects which do not affect the rights of a party are deemed to be "harmless errors." In making this determination, the court should consider the entire record before it and all the circumstances of the particular case. Only if the court finds, after a review of the entire record, the alleged error affected substantial rights of the parties will a new trial be ordered; otherwise, it is harmless error and must be disregarded.

*Id.* at 144 (citations omitted).

Obviously, since a unanimous jury includes five–sixths of the jurors the plaintiffs cannot show any prejudice because as it developed, it was the defendants who assumed the greater burden. To suggest, as plaintiffs do, that all but one of the jurors could have initially favored their side but that the requirement of unanimity eventually caused all the jurors to accede to the views of the lone holdout is simply too speculative. In light of all the circumstances, it cannot be said that the refusal of the court to instruct the jury on the Pennsylvania rule affected the substantial rights of the plaintiffs. Accordingly, plaintiffs' motion for a new trial must be denied.